ALAN J. FROMUTH, PERSONNEL DIRECTOR, DEPARTMENT OF ADMINISTRATION ET AL. *v.* STATE OF INDIANA EX REL. INDIANA STATE EMPLOYEES' ASSOCIATION, INC. ET AL.

[No. 2-975A261. Filed September 20, 1977. Rehearing denied October 17, 1977.]

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo,* Deputy Attorney General, for appellants.

*Ronald E. Elberger,* of Indianapolis, for appellees.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

## STATEMENT OF THE CASE

Plaintiff-appellee, State of Indiana *ex rel.* Indiana State Employees' Association, Inc., an Indiana Not-For-Profit Corporation, Sidney Glatt, Russell E. Daubert, Sr., Eugene C. Brunner, and John M. Wells (hereinafter Glatt *et al.*) brought an action for mandate against defendant-appellants Alan J. Fromuth, Personnel

Director, Department of Administration, Mildred Richey, Chairman, Indiana Personnel Board, Department of Administration, Robert Heyne, Commissioner, Department of Correction, seeking to compel Fromuth *et al.* to comply with an order directed to them by the Indiana State Employees Appeals Commission. The trial court granted the plaintiff's motion for summary judgment, and the defendants have appealed to this court.

## FACTS

On October 7, 1973 a maximum security pay increase of 15% became effective for all employees of the Department of Correction at the Indiana State Prison except for those employees who filled positions which required a college degree; they received no pay increase even though they worked in a maximum security institution.

For the reason that the positions which they had held at the state prison required a college degree, Glatt, a pharmacist, Daubert, a chaplain, Brunner, a counselor, and Wells, a counselor, were exempted from the 15% maximum security pay increase. The evidence showed that Glatt *et al.* worked within the walls of the prison and had close, potentially dangerous contact with the prisoners.

In accordance with the complaint procedure set forth in IC 1971, 4-15-2-35 (Burns Code Ed.) Glatt *et al.*, feeling that they should have received a 15% pay increase, discussed their complaint with their respective immediate supervisors without success. They then discussed their complaint with their respective intermediate supervisors, again without success. Next, an investigation was conducted by Russell E. Lash, a representative of the Department of Correction, who informed Glatt *et al.* that a joint meeting was held by the Governor's Office, Budget Agency, and State Personnel Division, wherein it was decided that a prison employee, whose position required a college degree, would not be reclassified to a maximum security position.

Glatt, *et al.* next took their complaint to the State Personnel Director, Alan J. Fromuth, who wrote to them in response as follows:

"Pursuant to the provisions of the State Personnel Act as amended by the 1973 General Assembly and in my capacity as State Personnel Director, I have investigated the circumstances of your complaint concerning the denial of maximum security pay at the Indiana State Prison. With regard to the granting of such pay, all positions at the State Prison were given equal consideration. A limited amount of money, however, necessitated the imposition of a cut-off point to determine who would receive the pay at this time. It was then determined that those persons currently filling positions requiring a college degree would not receive this initial increase in compensation. This is not to say, however, that other persons at the State Prison are not entitled to and thus should not receive maximum security pay. Further increases in compensation to these persons is being given the highest priority, and it is our intent to seek additional appropriations from the Legislature to monetarily recognize the work of all persons within the maximum security area.

"With consideration of the circumstances enumerated above, it is my decision that your complaint that presumably requests the granting of maximum security pay should be denied."

In accordance with IC 4-15-2-35, *supra,* and IC 1971, 4-15.1-5-6 and 7 (Burns Code Ed.), Glatt *et al.* appealed the decision of the State Personnel Director to the State Employees Appeals Commission. After a hearing, the Appeals Commission reversed the decision of the State Personnel Director and recommended that, because of their potentially hazardous contact with the inmates at the state prison, Glatt *et al.* should receive the 15% maximum security pay increase, retroactive to October 7, 1973. The State Personnel Board refused to follow the recommendation of the Appeals Commission.

Glatt *et al.* then brought an action for mandate in the name of the State[1] against Fromuth, the State Personnel Board, and the other defendants, seeking to compel them to follow the recommendation of the Appeals Commission. The trial court granted summary judgment in favor of Glatt *et al.* based primarily upon a finding of fact that, because Glatt *et al.* worked closely with the inmates within the confines of a maximum security institution,

1. See IC 1971, 34-1-58-1 (Burns Code Ed.).

their occupations were hazardous, and upon a conclusion of law that, according to IC 4-15-2-35, *supra*, it was mandatory for the State Personnel Board to follow the recommendation of the Appeals Commission.

## ISSUES

The issues presented to this court for review are as follows:

1. Whether the failure of Fromuth, *et al.* to seek judicial review of the mandatory administrative agency determinations of the State Employees Appeals Commission terminated their rights of judicial review and all rights of recourse to the courts including this appeal.

2. Whether the Indiana State Employees Appeals Commission, acting upon the complaints of state employees pursuant to I.C. 4-15-1.5-6 and I.C. 4-15-2-35, has the authority to require that an appointing authority follows its mandatory recommendations.

*Issue One*

Glatt *et al.* contend that because Fromuth *et al.* failed to seek judicial review of the State Employees Appeals Commission's decisions, as provided in IC 1971, 4-22-1-14 (Burns Code Ed.), they are precluded from obtaining, either directly or indirectly, any kind of judicial review of that administrative decision.

We agree that Fromuth *et al.* were precluded from seeking direct judicial review of the Appeals Commission's decision, because they failed to follow the mandatory procedure for obtaining judicial review of an administrative decision which is set forth in IC 4-22-1-14, *supra*. However, we do not agree that the failure of Fromuth *et al.* to follow the procedure set forth in IC 4-22-1-14, *supra*, has rendered them powerless to bring an appeal from the judgment rendered by the trial court.

It so happens that the issue concerning the Appeals Commission's power to order the State Personnel Board to act, which has been presented to us in this appeal, is one of the issues with which a reviewing court would have been confronted, if judicial review had been sought under IC 4-22-1-14, *supra*. Therefore, in

the case now before us, by reviewing the decision of the trial court in this appeal, we must by necessity review one of the very issues which would have been considered by a reviewing court, if direct judicial review had been originally sought. We are not reviewing the appropriateness of the decision of the Indiana Employment Appeals Commission, but rather the judgment of the trial court in order to determine whether the trial court committed any errors of law. Therefore, this appeal is proper.

*Issue Two*

Fromuth *et al.* contend that, according to IC 1971, 4-15-2-5 (Burns Code Ed.) and IC 1971, 4-15-2-9 (Burns Code Ed.), the State Personnel Board and the Budget Agency have the exclusive right and duty to classify employees and set their respective salaries. Fromuth *et al.* contend that in the case at bar the Appeals Commission had no right or power to make a recommendation to the State Personnel Board concerning the occupational classifications and/or salaries of Glatt, *et al.* since those matters are exclusively within the control of the State Personnel Board and the Budget Agency. We do not agree.

IC 4-15-2-35, *supra,* provides:

> "Any regular employee may file a complaint *if his status of employment is involuntarily changed* or if he deems conditions of employment to be unsatisfactory.

* * *

> . . . After submission of the appeal, the commission shall, prior to rendering its decision, grant the appealing employee and the appointing authority a public hearing, with the right to be represented and to present evidence. . . . If the commission finds that the action against the employee was taken on the basis of politics, religion, sex, age, race or because of membership in an employee organization, the employee shall be reinstated to his position without loss of pay. *In all other cases the appointing authority shall follow the recommendation of the commission which may include reinstatement and payment of salary or wages lost by the employee* which may be mitigated by any wages the employee earned from other employment during a dismissed or suspended period." (Our emphasis)

The State Personnel Board and Budget Agency may be exclusively empowered to classify occupations and set salaries. But where those agencies reclassify an employee and/or change his salary in such a way that the employee's employment status is changed, and/or he deems the conditions of his employment to be unsatisfactory, then the Appeals Commission is empowered by IC 4-15-2-35, *supra,* to hear the employee's complaint, after the preliminary procedural steps have been taken.

In the case at bar the reclassification of Glatt *et al.,* as non maximum security personnel, changed the status and conditions of their employment. Therefore, they rightfully sought their remedy through IC 4-15-2-35, *supra,* and the Appeals Commission was empowered to act upon the matter by ordering the State Personnel Board to reclassify Glatt *et al.* as maximum security personnel and give them the commensurate pay increase.

Fromuth *et al.* contend that the recommendation made by the Appeals Commission to the State Personnel Board was merely advisory and not mandatory. As such, they contend, the trial court would have no power to compel them, through its power of mandate, to comply with the recommendation of the Appeals Commission, because such recommendation would impose no legal duty upon them to act.[2] We do not agree.

IC 4-15-1.5-7, *supra,* provides:

"All rights and requirements of the Indiana state personnel board to hear and decide appeals of state employees are hereby transferred to the appeals commission." (Citations omitted)

IC 4-15-1.5-6, *supra,* provides:

"The appeals commission is hereby authorized and required:

(a) To hear those appeals from state employees as is set forth in IC 1971, 4-15-2[4-15-2-1 — 4-15-2-46], and fairly and impartially render decisions as to the validity of said appeals or lack thereof. Said hearings shall be conducted in accordance with IC

---

2. IC 1971, 34-1-58-2 (Burns Code Ed.) provides:

"The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station." (Citations omitted).

1971, 4-22-1 [4-22-1-1 — 4-22-1-30], the Administrative Adjudication Law;

\* \* \*

(c) To recommend to the personnel board such changes, additions or deletions to personnel policy which the appeals commission feels would be beneficial and desirable." (Citations omitted)

In *In Re Adoption of Jackson* (1972), 257 Ind. 588, 277 N.E.2d 162, 164, our Supreme Court said that "we must place a reasonable construction on the language of [an] act so as to construe the legislative intent with logic and reason. It cannot be presumed that the lawmakers intended an absurdity." (Our insert)

In the case at bar Fromuth *et al.* contend that we should construe the word "recommend" as found in IC 4-15-1.5-6, *supra,* and IC 4-15-2-35, *supra,* as advisory rather than mandatory. We cannot do this and, at the same time, "construe the legislative intent with logic and reason."

Mere logic alone would tell us that the legislature intended for the Appeals Commission to have the ultimate decision making power concerning complaints which involve an employee's status or conditions of employment. In IC 4-15-1.5-7, *supra,* the power to entertain an appeal regarding employment matters was taken from the State Personnel Board and given to the Appeals Commission. If the ultimate decision making power were to remain with the Personnel Board, any appeal which would be taken to the Appeals Commission would be, at best, a perfunctory gesture.

The language which clearly shows that the recommendation of the Appeals Commission is mandatory, rather than advisory, is found in IC 4-15-2-35, *supra,* where it says that "the appointing authority *shall* follow the recommendation of the commission." The "shall" is mandatory, not advisory or precatory.

In light of the above discussion it is clear that Fromuth, *et al.* had a legal duty to follow the recommendation of the Appeals Commission, and give the maximum security pay increase to

Glatt *et al.* Therefore, we hold that the trial court properly rendered summary judgment in favor of the State *ex rel.* Glatt *et al.* in its action for mandate.

Judgment affirmed.

Robertson, C.J. and Hoffman, J., participating by Designation, concur.

NOTE—Reported at 367 N.E.2d 29.