INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD; FRANKLIN K. DEWALD, AS CHAIRMAN OF THE INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD; AND SHARON POYSER; SARAH BORGMAN *v.* THE BOARD OF SCHOOL TRUSTEES OF BAUGO COMMUNITY SCHOOLS

[No. 3-976A205. Filed June 22, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *Arthur Thaddeus Perry*, Deputy Attorney General, *Richard J. Darko, Bingham, Summers, Welsh & Spilman*, of Indianapolis, *Gary Boyn, Church, Meteiver, Warrick & Weaver*, of Elkhart, for appellants.

*Kendall C. Crook, Bose, McKinney & Evans*, of Indianapolis, *A.J. Spahn, Bontrager, Spahn, Atwater & Arko*, of Elkhart, for appellee.

STATON, J.—Sharon Poyser was untenured and was in her fourth year of teaching third grade for Baugo Community Schools when she was discharged. Poyser filed a grievance[1] against the Board of School Trustees in which she alleged that she had been terminated because of her affiliation and support of a teacher's negotiation group, the Baugo Education Association (BEA).

Her complaint was heard[2] by a hearing member and reviewed by the full board of the Indiana Education Employment Relations Board (IEERB). IEERB found that the Baugo School Board had engaged in unfair practices; IEERB ordered Poyser reinstated. Upon judicial review in Elkhart Superior Court No. 2, IEERB's decision was reversed. Poyser and IEERB appeal.

Among several issues raised, one issue is dispositive of our decision to reverse:

(1)   Did the trial court apply an erroneous standard of review and exceed the statutory limits of judicial review of administrative agency decisions, as defined in the Administrative Adjudication Act?

We conclude that the trial court employed an improper standard of review. The judgment is reversed and remanded.

## I.

## Standard of Review

Within the Elkhart Superior Court's findings was the following statement:

"None of the findings of fact [of the IEERB] are based on *any positive evidence* that the decision of the School Board not to rehire Sharon

---

1.   Poyser's complaint was filed in accordance with the provisions of IC 1971, 20-7.5-1-1 — 20-7.5-1-14 (Burns Code Ed.), specifically IC 1971, 20-7.5-1-7 (Burns Code Ed.), which deals with unfair practices.

2.   Poyser's complaint was consolidated for hearing with two other grievances which had been filed against the Baugo School Board.

Poyser was motivated by an intent to discriminate against her by reason of her activities in the BEA. . . ." (Emphasis added.)

Poyser and the IEERB assert, on appeal, that this statement, as well as other findings of the trial court, demonstrate that the court erroneously weighed the evidence on its review, and, in effect, tried the cause de novo. We agree.

Under the Administrative Adjudication Act, IC 1971, 4-22-1-8, Ind.Ann.Stat. § 63-3008 (Burns Code Ed.), a standard of proof is outlined: the agency's determination must be supported by substantial, reliable, and probative evidence. IC 1971, 4-22-1-18, Ind.Ann.Stat. § 63-3018 (Burns Code Ed.) is explicit regarding review:

"Judicial review — Procedure. — On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [4-22-1-1 — 4-22-1-30].

"On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

"If such court finds such finding, decision or determination of such agency is:

"(1)  Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(2)  Contrary to constitutional right, power, privilege or immunity; or

"(3)  In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(4)  Without observance of procedure required by law; or

"(5)  Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which

may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."

The board or agency, not the court determines the issues of fact. The court cannot weigh conflicting evidence, which appears in the record of the hearing, for the purpose of determining for whom it preponderates. If there is any substantial evidence to support the finding of the board or agency, the court may not disturb the board's or agency's decision.[3] *Indiana Ed. Emp. Rel. Bd. v. Board of School, Etc.* (1976), 171 Ind.App. 79, 355 N.E.2d 269.

Given this scope of review, we must conclude that the Elkhart Superior Court erred in reversing the IEERB decision. Without unduly burdening this opinion with all of the conflicting evidence in the case, we do note that some evidence was presented which supported the IEERB determination that Poyser was discharged due to her BEA activities.[4] The trial court should have not have substituted its decision for that of the IEERB.

## II.

### Other Allegations of Error

We have reviewed the IEERB's findings regarding Sharon Poyser's

---

3. The substantial evidence standard was applied to teacher bargaining situations eight months after the Elkhart Superior Court reviewed Poyser's grievance. It is clear from the trial court's findings that the trial court was utilizing earlier appellate decisions in making its determination.

Those decisions, including *Joyce v. Hanover Comm. Sch. Corp.* (1971), 150 Ind.App. 296, 276 N.E.2d 549, have been found to be inapplicable to proceedings arising under IC 1971, 20-7.5-1-1 — 20-7.5-1-14 (Burns Code Ed.). *See Indiana Ed. Emp. Rel. Bd. v. Board of School, Etc., supra.*

4. Though the ostensible reason for Poyser's dismissal was inadequate lesson plans, there was evidence presented which supported a reasonable inference that Poyser was treated differently than other teachers. It was only after Poyser became militantly involved with BEA activities that her evaluations by her principal fell. There was evidence that Poyser's lesson plans were as good or better than other teachers who were retained. Also, the administration had made statements to the effect that any teacher who negotiates with the school corporation would not keep his job for more than a year or two, and BEA is only good for protecting incompetent teachers. Therefore, the IEERB was justified in concluding that the School Board's reasons for dismissal were a sham. *See Ind. Ed. Emp. Rel. Bd. v. Bd. of Sch. Trust* (1977), 174 Ind.App. 481, 368 N.E.2d 1163, 1170.

dismissal. We conclude that those findings should not be set aside for any of the reasons enunciated in IC 1971, 4-22-1-18, Ind.Ann.Stat. § 63-3018 (Burns Code Ed.). The Board of School Trustees of Baugo Community Schools argues that various findings of the trial court can be substantiated by the evidence. We are constrained to emphasize herein that our inquiry is limited to whether the IEERB's decision was supported by any substantial evidence. Having determined that it was, we reverse the decision of the trial court and remand for further proceedings not inconsistent with this Court's opinion.

Hoffman, J. and Lowdermilk, J. (By designation), Concur.

NOTE — Reported at 377 N.E.2d 414.