STATE of Indiana, DEPARTMENT OF ADMINISTRATION, PERSONNEL DIVISION, Department of Corrections and Indiana State Prison, Defendants-Appellants,

v.

Billy SIGHTES, Teino Koski, Charles Musgrave, Richard Sowards, William Van Ulzen, and Melvin Wenzel, Plaintiffs-Appellees.

No. 2–780A209.

Court of Appeals of Indiana, First District.

Feb. 10, 1981.

Rehearing Denied March 6, 1981.

Theodore L. Sendak, Atty. Gen., Bruce L. Kamplain, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Jonathan L. Birge and Christine J. Ratliff, Bingham, Summers, Welsh & Spilman, Indianapolis, for plaintiffs-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The defendants-appellants, the State of Indiana and certain of its administrative agencies, bring this appeal from the granting of summary judgment by the Marion Superior Court, Room No. One, in favor of the plaintiffs-appellees, teachers at the Indiana State Prison, on the teachers' complaint for confirmation of an arbitration award and on the state's counterclaim for an injunction against the enforcement of the award.

We affirm.

## STATEMENT OF THE FACTS

Billy Sightes, Teino Koski, Charles Musgrave, Richard Sowards, William Van Ulzen, and Melvin Wenzel are teachers employed by the Indiana State Prison at Michigan City. The case originated as a complaint or grievance filed by the teachers pursuant to Ind.Code 4–15–2–35 in which they alleged that the prison was violating Ind.Code 11–1–1.1–30 [1] (repealed effective October 1, 1980) by failing to pay them according to a salary schedule equal to that of the largest school system in LaPorte County. After exhausting their administrative remedies, the teachers submitted the matter for arbitration as provided for by IC 4–15–2–35.[2]

A hearing was held before Arbitrator Thurman A. Biddinger on April 11, 1978. On May 10, 1978, Arbitrator Biddinger issued his opinion and award in favor of the teachers, holding, in essence, that under IC 11–1–1.1–30 the state must compute the teachers' salaries on the basis of the *hourly* rates paid by the public school system rather than on the basis of the *daily* rates of pay. Arbitrator Biddinger awarded the teachers back pay in accordance with his decision, because their work day is longer than that of the public school teachers.

The state did not comply with the arbitration award, so on February 14, 1979, the teachers filed their complaint, which was later amended, for confirmation of the award by the trial court pursuant to Ind. Code 34–4–2–12. The state filed a verified counterclaim requesting the court to permanently enjoin the enforcement of the award.

The state attached to its counterclaim an exhibit containing the December 5, 1978, decision of Arbitrator Fred Whitney on grievances submitted by teachers employed by the Indiana State Farm in Putnam County. Arbitrator Whitney determined that the requirements of IC 11–1–1.1–30 are satisfied when the State Farm teachers are paid the same annual salary as the teachers in the Greencastle school system, even though the State Farm teachers have a longer work day than do the Greencastle teachers. Arbitrator Whitney acknowledged that Arbitrator Biddinger had decided that the statute required equality in hourly rates of pay between the State Farm teachers and the public school teachers, but he declined to follow Arbitrator Biddinger's decision because he felt that the General Assembly did not intend to use the term "salary" as synonymous with "hourly rate of pay."

On October 16, 1979, the State Prison teachers filed a motion for summary judgment. They attached as an exhibit to that motion a copy of the July 1, 1979, decision of Arbitrator David A. Gugin in a dispute

1. "Sec. 30. (Salaries) All teachers employed in any correctional institution shall be subject to all provisions of law concerning minimum salary of teachers and membership in any teachers' retirement and fund plan. The director of classification and treatment shall annually review the fully integrated salary schedules of the largest school system of the county of location of each correctional institution to determine the fully integrated salary schedule of that school system. He shall then prescribe, with the approval of the commissioner, a fully integrated salary schedule for each of these institutions equal to that of the largest school system in the county of location and prescribe the terms of the annual contract awarded to licensed teachers qualifying for payment under this schedule."

2. After describing a multiple-step administrative complaint or grievance procedure, Ind. Code 4 -15–2–35 provides:

"If the recommendation of the commission [*i. e.*, the State Employees Appeals Commission] is not agreeable to the employee, the employee, within fifteen (15) calendar days from receipt of the commission recommendation, may elect to submit the complaint to arbitration. The cost of arbitration shall be shared equally by the employee and the state of Indiana. The commissioner of labor shall prepare a list of three (3) impartial individuals trained in labor relations, and from this list each party shall strike one (1) name. The remaining arbitrator shall consider the issues which were presented to the commission and shall afford the parties a public hearing with the right to be represented and to present evidence. The arbitrator's findings and recommendations shall be binding on both parties and shall immediately be instituted by the commission."
(Our insertion.)

between the Indiana State Prison and four of its teachers. None of these four teachers was a party to the earlier proceedings before Arbitrator Biddinger. Arbitrator Gugin had before him the issue of whether the teachers had filed their complaints, or grievances, within ten days "after an unsatisfactory condition of employment is created", as required by § 13–1(A) of the Official Rules of the State Personnel Board, 30 Ind. Admin.Code 1–13–1(A). He determined that the implementation of the decision of Arbitrator Biddinger created an unsatisfactory condition of employment and that the teachers' grievances were timely filed. Consequently, he remanded the case to the State Personnel Board for a consideration of the grievances on the merits. He stated in dictum, however, that the state's interpretation of IC 11–1–1.1–30 was permissible, although he personally preferred the hourly basis.

The trial court entered its findings of fact, conclusions of law, and judgment on the motion for summary judgment on February 5, 1980. The court found that there was no genuine issue of material fact, that the state had failed to comply with Arbitrator Biddinger's award of back pay, and that the state failed to file an action to vacate or modify the award within 90 days as required by Ind.Code 34–4–2–13. Accordingly, the trial court confirmed the arbitration award and further adjudged "that defendants take nothing upon their counterclaim and that said counterclaim be dismissed with prejudice."

## STATEMENT OF THE ISSUES

The state presents the following issues for our review:

1. Whether the trial court erred in dismissing with prejudice the state's counterclaim.

2. Whether the trial court erred in granting summary judgment for the prison teachers and in dismissing with prejudice the state's counterclaim.

## DISCUSSION AND DECISION

■ Before we can consider the issues raised by the state, we must decide a procedural issue raised by the teachers. They assert that the state violated Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) by failing to set forth or to refer to the errors assigned in the motion to correct errors which the state intends to raise on appeal. Consequently, they conclude, the state has waived any errors and has presented nothing for this court to review. The state in its reply brief has referred numerically to the errors assigned in the motion to correct errors which it intends to raise here.

We observe, however, that at the beginning of both sections of its argument, the state has set forth a proposition of law. The state's motion to correct errors purports to set forth 15 errors, although those allegations of error are repetitive, and, in fact, they charge the trial court with considerably fewer than 15 different mistakes. Although the propositions of law set forth in the state's brief are not verbatim reproductions of any of the assigned errors, they are, in essence, concise summaries of several of the assigned errors. The proper and more helpful procedure would have been for the state to set forth verbatim the assigned errors in its motion to correct errors which it intended to raise on appeal, but we hold that, in this particular case, the state has substantially complied with A.R. 8.3(A)(7) and has not waived any of the issues it raises on appeal. *See Urbanational Developers, Inc. v. Shamrock Engineering, Inc.*, (1978) Ind.App., 372 N.E.2d 742, *trans. denied.*

*Issue One*

The state contends that the trial court erred in dismissing with prejudice the state's counterclaim. It points out that the teachers did not move to dismiss the state's counterclaim, and it argues that a trial court has power to dismiss an action *sua sponte* only in the event that the court has no jurisdiction over the cause of action.

■ The state is referring here to the final paragraph of the trial court's judgment, which reads as follows: "IT IS FUR-

THER ORDERED, ADJUDGED AND DE-CREED that defendants take nothing upon their counterclaim and that said counterclaim be dismissed with prejudice." We believe that the language about dismissing the counterclaim was mere surplusage and that the trial court did not intend literally to "dismiss" the counterclaim as that term is used in Ind. Rules of Procedure, Trial Rules 12(B) and 41. In the two paragraphs of the judgment immediately preceding the paragraph quoted above, the court decreed that the arbitration award be confirmed and that the state pay certain amounts to each of the teachers who were parties. Considering the judgment as a whole and considering the mutually exclusive complaint and counterclaim, we conclude that the trial court intended to grant summary judgment in favor of the teachers on the state's counterclaim rather than to literally "dismiss" that counterclaim. We find no reversible error here.

*Issue Two*

The state next complains that the trial court erred in granting summary judgment for the teachers and in dismissing with prejudice the state's counterclaim. In light of our resolution of Issue One, we will treat the latter allegation of error as a contention that the trial court erroneously granted summary judgment for the teachers on the state's counterclaim.

Summary judgment is properly granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56(C).

The state asserts that each of the decisions of the three arbitrators construing IC 11-1-1.1-30 is an undisputed fact and that the trial court erred by not taking into account the awards of Arbitrator Whitney and Arbitrator Gugin. The state contends that IC 34-4-2-13 [3] does not recognize a conflict between the decisions of two or more arbitrators as a ground for vacating an arbitration award. Even if such a conflict were a ground, the state asserts, the Whitney and Gugin awards were made after the expiration of the 90 day period allowed for seeking vacation of the award. The state maintains that if it were to implement the awards of the various arbitrators it would violate Ind. Code 4-15-2-11 and the regulations promulgated under that section, which require equal pay for equal work.

The state is correct in its assertion that it could not have had the Biddinger award vacated on the ground that it conflicted with the Whitney and Gugin awards, because the latter awards were made after the time limit for seeking vacation had expired. However, the state, in effect, is asking this court to hold that an otherwise valid arbitration award may be vacated whether other arbitrators in other cases have subsequently interpreted the same law differently. Such a holding is not required by law, and we believe that it would estab-

**3.** That section provides in pertinent part as follows:

"Sec. 13. (a) Upon application of a party, the court shall vacate an award where: (1) The award was procured by corruption or fraud; (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (3) the arbitrators exceeding [sic] their powers and the award can not be corrected without effecting the merits of the decision upon the controversy submitted; (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 of this act, as to

prejudice substantially the rights of a party; or (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section 3 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

"(b) An application under this section shall be made within ninety (90) days after the mailing of a copy of the award to the applicant, except that, if predicated upon corruption or fraud or other undue means, it shall be made within ninety (90) days after such grounds are known or should have been known."

lish bad policy, at least where, as here, the different cases have not been consolidated. In applying the Indiana Uniform Arbitration Act, Ind. Code 34–4–2–1 *et seq.*, the Seventh Circuit Court of Appeals observed, "The purpose of the Uniform Arbitration Act is to afford the opportunity to reach a final disposition of differences between parties in an easier, more expeditious manner than by litigation." *MSP Collaborative Developers v. Fidelity and Deposit Company of Maryland*, (7th Cir. 1979) 596 F.2d 247, 250. This laudable purpose would be defeated if we were to require the trial court to review the Biddinger award in light of the subsequent and unconsolidated Whitney and Gugin awards.

The record and briefs indicate that the state participated in the arbitration proceedings before Arbitrator Biddinger, and, as far as we can determine, it did not object to those proceedings. After the award was made, the state failed to comply with it but made no attempt to vacate it. Instead, it forced the teachers to apply to the trial court for confirmation of their award pursuant to IC 34–4–2–12. Only then did the state challenge the award and attempt, by its counterclaim, to prevent the teachers from enforcing it.

■ The role of an appellate court in reviewing an arbitration award is limited to determining whether the defendant has established any of the grounds for challenge permitted by the Uniform Arbitration Act—in this case, the grounds for vacating an award provided in IC 34–4–2–13. *MSP Collaborative Developers, supra.*[4] Furthermore, a defendant who has a valid ground for challenging the award but who fails to raise that challenge within the 90-day time limit should not be permitted to raise that challenge when the plaintiff applies for con-

firmation of his award.[5] *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company*, (7th Cir. 1980) 628 F.2d 1023. The state did not avail itself of its statutory remedies prior to the teachers' application for confirmation of the Biddinger award.

■ The bases for the state's challenge to the summary judgment are, in essence, that the trial court erroneously overlooked undisputed material facts (the Whitney and Gugin awards) and that the confirmation of the Biddinger award causes the state to violate IC 4–15–2–11 by requiring it to pay the teachers who are the plaintiffs in this case differently from other teachers employed by the state's correctional institutions. We hold that the trial court did not err in not taking into account the Whitney and Gugin awards and that the state failed to raise properly its argument about the legality of being bound by an arbitrator to pay the teachers in this case differently from other teachers. Further, the trial court properly granted summary judgment in favor of the teachers on the state's counterclaim. The counterclaim for a permanent injunction against the teachers' enforcing their award was, in reality, a defense against the complaint for confirmation. The trial court could not have held for the teachers on their complaint without holding against the state on its counterclaim.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.

4. Indiana Code 34–4–2–19 specifies when an appeal may be taken from a judicial proceeding pertaining to arbitration. One such appealable decision is a court order confirming an award, and the entry of summary judgment for the teachers falls into that category. However, IC 34–4–2–19 does not provide the grounds upon which an order of confirmation may be reversed. Such grounds are found in Ind. Code 34–4–2–13 (grounds for vacating an award) and

Ind. Code 34–4–2–14 (grounds for modifying or correcting an award).

5. An application to vacate, IC 34–4–2–13, or to modify or correct an award, IC 34–4–2–14, generally must be made within 90 days after a copy of the award is mailed to the applicant. An application for confirmation of an award may not be made before 90 days after a copy of the award is mailed to the parties. Ind. Code 34–4–2–12.