STATE of Indiana, Indiana State Personnel Department, Thomas Beasley, Director, Indiana State Personnel Department, Indiana State Prison, Jack Duckworth, Warden, Indiana State Prison, Indiana Department of Corrections, Gordon H. Faulkner, Commissioner, Indiana Department of Corrections, Appellants (Defendants Below),

v.

John MARTIN, Thomas Moore, Ferdinand Schindler and Tony Simchak, Appellees (Plaintiffs Below).

No. 4–383A64.

Court of Appeals of Indiana, Fourth District.

March 15, 1984.

Rehearing Denied May 3, 1984.

---

Linley E. Pearson, Atty. Gen., Alfred K.B. Tsang, Deputy Atty. Gen., Indianapolis, for appellants.

Bingham, Summers, Welsh & Spilman, Jonathan L. Birge, Joseph H. Hogsett, Indianapolis, for appellee.

MILLER, Judge.

The State presents this case to us on appeal from judicial review of the State Employees' Appeals Commission. The action, initiated by four employees at the Indiana State Prison (John Martin, Thomas Moore, Ferdinand Schindler, and Tony Simchak, collectively referred to as "Teach-

ers"), sought correction of unsatisfactory conditions of employment in teaching duties at the prison. Six other teachers in the institution had received a favorable arbitration award, which reduced their work hours per day and granted back pay. The four Teachers here filed their complaints when the State implemented the award only for the six subject teachers but for no other teaching personnel in the prison. The Commission ruled this was indeed an unsatisfactory working condition but limited its order to the rectification of the disparate hours and denied back pay. Both the State and the Teachers sought judicial review: the State attacked the order itself; the Teachers, the denial of back pay. The trial court upheld the order and found the Commission's refusal to order back pay to be arbitrary and capricious. Because we find that the shortened working hours and the back pay, as ordered in the unappealed arbitration award, *both* contributed to the unsatisfactory working conditions at the prison, we affirm the trial court's decision in its entirety, upholding its conclusion that any contrary ruling by the Commission is arbitrary and capricious.

### ISSUES

The State has presented three issues, none which directly addresses the crux of the case. We will address these three tangential issues [1] as we discuss the following: Whether the trial court erred in affirming the Commission's order to alter the Teachers' work schedules and in ruling they were also entitled to back pay.

### FACTS

On August 8, 1978, Arbitrator Thurman Biddinger issued an arbitration decision concerning grievances filed by six teachers at the Indiana State Prison. Arbitrator Biddinger determined that the petitioners were not being compensated by the State in

compliance with IND.CODE 11–1–1.1–30 (now at IND.CODE 11–10–5–4, amended 1982 Ind.Acts, P.L. 92, § 1), which requires that teachers at the state prison be paid according to the teacher salary schedule of the largest school system in the county. Biddinger directed that the six teachers be placed on the same *hourly* rate as teachers at the Michigan City area schools, either by increasing their salaries or by reducing their working hours. The arbitrator further awarded the petitioners back pay from January 1, 1978.

On or about August 10, 1978, the State partially implemented the Biddinger award by reducing the work schedules of the six petitioners from eight hours per day to six hours and forty minutes per day. The State refused to comply with the back pay award, however, resulting in litigation which culminated in the confirmation of Biddinger's award by this court in *State, Department of Administration v. Sightes,* (1981) Ind.App., 416 N.E.2d 445. The actual award was not otherwise appealed in the proper manner afforded by the Uniform Arbitration Act.

■ The instant action commenced on August 10, 1978, when the Teachers here, also employed at the state prison, filed employee complaints pursuant to IND. CODE 4–15–2–35 (amended 1981 Ind.Acts, P.L. 36, § 1), which prescribes the procedure for any regular state employee to file a complaint "if he deems conditions of employment to be unsatisfactory." The Teachers here alleged that the State was engaging in discrimination by not paying them on an equal basis with the recipients of the Biddinger award, despite their comparable professional duties and status. They were still working eight-hour days while the Biddinger petitioners were only working six hours and forty minutes—for the same pay. The Teachers' complaints

---

1. The State's three issues challenge: 1) the trial court's consideration of evidence outside the record on review, thereby substituting its own findings for those of the Commission; 2) the application of an arbitration decision to the non-participating Teachers; 3) whether the legislature intended to pay state institutional teachers by an "hourly rate" rather than a "daily rate." These will all be dealt with in the body of our opinion in the proper context, but it will suffice to say here that none of them truly presents us with a reviewable problem.

were denied at each level of the grievance process on the ground of untimeliness until ultimately being submitted to final and binding arbitration before Arbitrator David Gugin.[2]

Arbitrator Gugin issued his decision on July 1, 1979, finding the Teacher's complaints timely filed. To do so he had to also determine that the implementation of the Biddinger decision, limited as it was to the actual petitioners named in the award, constituted an overt and flagrant act of discrimination against the other prison teachers, including the Teachers here. Such activity created an unsatisfactory condition of employment at the time of its August 8, 1978 implementation, and the Teachers here had thus timely filed their complaint within 10 days of its creation as required by the official rules of the State Personnel Board. Arbitrator Gugin then remanded the case to the State Personnel Board for a hearing on the merits.[3]

Gugin's award was not wholly complied with because the Board never heard the case on its merits. In an action to enforce Gugin's award, Judge Jeffrey Boles in *John Martin, et al. v. State of Indiana, et al.*, Cause No. CV980–408 held:

"The Court finds that the arbitrator's Award is confirmed in all respects. The Court further finds that the Award has been complied with in part as noted above. The court finds that the second part of the award has not been complied with in that neither the State Personnel Board or the State Employees' Appeals Commission have considered the plaintiffs' complaint on merit. It is therefore, ordered, adjudged and decreed that the defendants comply with the arbitration Award and the *State Employees' Appeals Commission* consider the merits of the plaintiffs' complaint in the light of the decision of arbitrator Gugin, within the next 30 days."

Record, p. 76 (emphasis added). Again, no review of this decision was sought, and the case was submitted to the Commission (as opposed to the Board).

In a well-written and lucid opinion, Hearing Officer Susan Mann recommended to the Commission that the Teachers here be accorded the same treatment as the Biddinger petitioners but denied them the back pay benefits. The Commission adopted the hearing officer's findings and recommendations, and both the State and the Teachers petitioned for judicial review. The two actions were consolidated, and on December 3, 1982, the trial court affirmed the Commission's order insofar as it commanded the State to discontinue its disparate scheduling. However, the court also ruled the Commission's denial of back pay was arbitrary, capricious, contrary to law and an abuse of discretion because it was totally contrary to and inconsistent with the merits of the case. It therefore also awarded the Teachers back pay from January 1, 1978, as accorded the Biddinger teachers, through August 31, 1982, after which legislative action decisively altered the complexion of the problem.[4] The State now appeals.

2. We note here a procedural anomaly in that the Teachers proceeded to arbitration upon a "decision" of the Board rather than a "recommendation." *See Rockville Training Center v. Peschke*, (1983) Ind.App., 450 N.E.2d 90, *trans. pending.* However, the State did not raise this issue until it submitted its additional authorities to this court. Such issue is too late, and the problem is waived. *See Sanborn Electric Co. v. Bloomington Athletic Club*, (1982) Ind.App., 433 N.E.2d 81.

3. Gugin also directed the Board to seek to create, either judicially, legislatively or administratively, a standard methodology for interpreting and implementing IC 11–1–1.1–30 at the state prison so that all employees covered by the statute at that institution would have their annual salaries computed in the same manner.

4. On September 1, 1982, IND.CODE 11–10–5–4 was amended to mandate that state institutional teachers be paid at the same *daily* rate as teachers in the largest local school system. The Biddinger arbitration award sought a comparable *hourly* rate for the state prison teachers. The parties here appear to agree that the entire issue was considerably altered by this change, virtually abrogating the effectiveness of the Biddinger award. Thus, we will not contest this mutual decision to limit back pay to August 31, 1982, and will not address this particular ruling further.

## DECISION

 Decisions made by the Commission are governed by the Administrative Adjudication Act, IND.CODE 4–15–1.5–6 (amended 1982 Ind.Acts, P.L. 23, § 6), therefore the scope of judicial review is found at IND.CODE 4–22–1–18. Succinctly, that review limits a court "generally to consideration of whether the determination of the agency is capricious, arbitrary, an abuse of discretion or in excess of statutory authority or unsupported by substantial evidence." *Department of Financial Institutions v. State Bank of Lizton*, (1969) 253 Ind. 172, 252 N.E.2d 248; *Eastbrook Community Schools Corp. v. Indiana Education Employment Relations Board*, (1983) Ind.App., 446 N.E.2d 1007. We are limited to the evidence presented in the record before the agency and cannot weigh evidence that conflicts but must affirm the agency's decision if there is any substantial supporting evidence in an otherwise properly conceived and executed proceeding. *Indiana Education Employment Relations Board v. Board of School Trustees of Baugo Community Schools*, (1978) 176 Ind.App. 680, 377 N.E.2d 414. We believe the trial court properly exercised its powers in this instance.

 It is not entirely clear from the State's arguments in what manner it believes the Commission erred in making its decision. However, it appears the State is claiming the Commission acted *contrary to law* in extending the hourly benefits of the Biddinger arbitration.[5] This is evidently the same argument made against the trial court's decision to extend the back pay benefits to these teachers in derogation of the Commission's decision. We believe the State has misperceived the crux of the problem.

Simply stated, the case has progressed as follows:

1. Biddinger arbitration award decreased working hours and gave back pay to six teachers at the state prison;

2. The State never properly appealed the Biddinger award (*see* Uniform Arbitration Act, IND.CODE 34–4–2–19, amended 1982 Ind.Acts, P.L. 198, § 101);

3. State implements Biddinger award for six participating teachers. Teachers here file complaint of unsatisfactory working conditions;

4. Gugin arbitration award finds complaints filed in timely manner and orders hearing on merits;

5. Trial court orders enforcement of Gugin award, and the State fails to pursue any further appeal;

6. Commission finds the implementation of Biddinger award discriminated among the institutional teachers, thereby creating an unsatisfactory condition of employment. It ordered the State to rectify the work schedules but denied back pay;

7. The trial court affirmed the schedule changes and awarded back pay, deeming the Commission's denial thereof to be arbitrary and capricious.

Scanning the facts as serially presented above, we observe that the Biddinger arbitration award is no longer at issue here. It was never properly attacked by the State, and it must stand as it is, correct or not. Rather than dealing with the Biddinger award at all, we must address the problem from the actual posture of this action—did

---

5. Evidently, at one point, the State argued Arbitrator Gugin's award was jurisdictionally incorrect in directing the *Commission* to hear the complaint on the merits rather than the Personnel Board. However, Judge Boles addressed and ruled on the issue, and the State took no further action on this particular arbitration order. Nor has the State raised it here on appeal. We can, therefore, reasonably assume that the question of the Commission's jurisdiction has been waived. Regardless, IND.CODE 4–15–2–35 makes it clear that an appeal from the denial of an employee complaint must be dealt with by the Commission. *Fromuth v. State ex rel. Ind. State Employees' Ass'n*, (1977) 174 Ind.App. 280, 367 N.E.2d 29; *see also* IND.CODE 4–15–1.5–6 (enumeration of powers and duties of Commission includes appeals from state employees under IND.CODE 4–15–2–1 *et seq.*) Thus, jurisdiction is not a problem here.

the Teachers here have a meritorious complaint against the State?

The Teachers filed their complaints pursuant to IC 4-15-2-35, which authorizes same when state employees believe "conditions of employment to be unsatisfactory." It is clear that when six state prison teachers are awarded fewer working hours at the same rate of pay as the rest who must work longer but have the same status, a gross disparity in employment conditions exists. We do not believe the Commission erred in any respect in so finding and in ordering the problem corrected. An unsatisfactory condition clearly existed here by reason of the Biddinger award, and the only way to rectify such unsatisfactory condition was to equalize the treatment. That equalizing the working conditions necessarily gave the Teachers the benefit of the terms of the award does not imply such awards apply to nonparties. The parity achieved here was accomplished via an entirely different route and was intended to solve very different problems, namely, working conditions. The *impact* of the arbitration award caused the problem, not the *fact* of it.

■ For the same reason, we believe the trial court was correct in finding the Commission's denial of back pay was arbitrary and capricious. The disparity in back pay was just as much an unsatisfactory condition of employment as the disparity in hours. The back pay in the Biddinger award was in reparation for the wrong perpetuated by the State's failure to comply with IC 11-1-1.1-30 defining the pay schedule of institutional teachers. This reparation was to ameliorate the effect of the improper working conditions imposed by the State upon the Biddinger petitioners. So too must these Teachers here be recompensed to make congruent the working conditions of both sets of teachers. The Commission's order to the contrary is "arbitrary or capricious"—"without some basis which would lead a reasonable and honest man to the same conclusion." *Indiana Civil Rights Commission v. Suther-* *land Lumber,* (1979) Ind.App., 394 N.E.2d 949.

■ By reason of our result, two of the State's denominated issues are moot. The State's challenge to the application of the terms of an arbitration decision to non-participants was answered above when we explained that the Biddinger arbitration award was not extended to non-participants. Rather, its impact on working conditions required an equalization of those conditions which necessarily required that the terms of the award be afforded to all. The other issue, whether the legislature intended to pay institutional teachers the same *hourly* rate or the same *daily* rate as local teachers involves a criticism of the Biddinger award itself and its interpretation of the pertinent statute. Because that award was never properly challenged under the Uniform Arbitration Act, *see State v. Sightes, supra,* 416 N.E.2d 445, the State cannot do so here.

■ The third, and last, issue raised by the State alleges the trial court considered evidence outside the record in making its determination. Its brief is far from clear in stating what that evidence was. However, we have thoroughly examined the court's findings of fact and conclusions of law and compared it to the Commission's opinion, which incorporated the Gugin award and Judge Boles's findings. Other than determining that the trial court's findings was a reworded version, we have found no additional major facts, differing from the Commission's. Any differences actually present are of such little moment, that in the absence of a showing of prejudice, we find no reversible error. *See Board of School Trustees of Baugo Community Schools v. Indiana Education Employment Relations Board,* (1980) Ind. App., 412 N.E.2d 807.

The trial court is in all things affirmed.

CONOVER, P.J., and YOUNG, J., concur.