Myrtle SPENCER, Betty Harper, Jerry Williams, Carolyn Williams, Judy Resler, Sandra Van Fossan and Joellen Edwards, on behalf of themselves and all those similarly situated, Appellants (Plaintiffs Below),

v.

STATE of Indiana, Appellee (Defendant Below).

No. 49A04–8706–CV–183.

Court of Appeals of Indiana, First District.

March 14, 1988.

Rehearing Denied April 29, 1988.

Peter G. Tamulonis, Briane M. House, Kightlinger & Gray, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Elizabeth Givan Whipple, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Myrtle Spencer, Betty Harper, Jerry Williams, Carolyn Williams, Judy Resler, Sandra Van Fossan and JoEllen Edwards (Spencer), appeal the Marion Superior Court's dismissal of their class action for lack of subject matter jurisdiction. We affirm.

## FACTS

On March 31, 1986, Spencer filed a class action suit on behalf of all present and former assistant caseworkers for the State Department of Public Welfare alleging that assistant caseworkers perform work comparable to caseworkers and therefore should receive pay equal to the pay received by caseworkers. The state filed a motion to dismiss, arguing that Spencer was required to comply with the grievance procedure outlined at IND.CODE 4-15-2-35, and that she therefore could not proceed through judicial channels without first exhausting her administrative remedies. The trial court agreed and dismissed Spencer's class action pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(1). This appeal immediately followed.

## ISSUES

Spencer contends she was excused from exhausting administrative remedies and raises several questions for our review:

(1) Is the state employee grievance procedure mandatory or discretionary?

(2) Does Spencer's claim of unequal pay for equal work constitute an unsatisfactory condition of employment under IC 4-15-2-35?

(3) Does IC 4-15-2-35 apply when claimants seek to file an independent class action?

(4) Does the futility exception to the exhaustion requirement apply in this case?

(5) Does the "issue of law" exception to the exhaustion requirement apply in this case?

## DISCUSSION AND DECISION

■ Indiana has long followed the doctrine of exhaustion of administrative remedies. *State ex rel. Paynter v. Marion County Superior Court, Room No. 5* (1976), 264 Ind. 345, 344 N.E.2d 846; *State v. Morand* (1976), 169 Ind.App. 604, 349 N.E.2d 718. Except in limited circumstances, if an administrative remedy is available, it must be pursued before a claimant is allowed access to the courts. *See State v. Morand, supra* 349 N.E.2d at 721.

ISSUE ONE:

■ Spencer first contends the state employee grievance procedure is discretionary and not mandatory. IC 4-15-2-35 provides, in pertinent part, that "[a]ny regular employee *may* file a complaint if his status of employment is involuntarily changed or if he deems conditions of employment to be unsatisfactory." (Emphasis added.) Specifically, Spencer asserts that the legislature's use of the term "may" manifests an intent to provide employees with a choice between administrative and judicial channels. We disagree.

Although the word "may" often is interpreted as permissive or discretionary, *see Siddall v. Michigan City* (1985), Ind.App., 485 N.E.2d 912, we previously have held that the grievance procedure outlined in IC 4-15-2-35 is mandatory and therefore subject to the exhaustion doctrine. *State v. Frye* (1974), 161 Ind.App. 247, 315 N.E.2d 399. Therefore, disgruntled state employees must exhaust all administrative remedies prior to filing a civil action with the courts.

ISSUE TWO:

■ Spencer next asserts that the grievance procedure is inapplicable to her claim and therefore the exhaustion of remedies doctrine does not apply. She first argues that the subject matter of her challenge, unequal pay for equal work, does not constitute an unsatisfactory condition of employment under IC 4-15-2-35.

[T]he term 'conditions of employment' includes any state, circumstance, situation, etc. the employee encounters in his employment that reasonably relates to the

employment relationship or environment. Among other things, the term includes hours of employment, administration of employee benefits, rules which regulate the manner in which employees perform their work and the amount of work expected, holiday and vacation time, and sick leave.

*Grenard v. State Employees' Appeals Comm'n.* (1986), Ind.App., 494 N.E.2d 341, 344 (promotion and advancement held to constitute conditions of employment). The list of conditions of employment enumerated in *Grenard* is not comprehensive; thus the omission of any reference to disparate pay is inconsequential. In *State v. Martin* (1984), Ind.App., 460 N.E.2d 986, we held that disparity in awarding back pay to some teachers and denying it to others created an unsatisfactory condition of employment. Similarly, in the present case, the claimants seek equal pay for equal work. The amount of pay an employee receives is directly related to the employment relationship. We therefore conclude that Spencer's claim of unequal pay for

equal work falls squarely within the coverage of the statute.

ISSUE THREE:

■ Spencer also argues that IC 4–15–2–35 is inapplicable because this is a class action. Therefore, she concludes that a conflict would arise between IC 4–15–2–35 and Ind. Rules of Procedure, Trial Rule 23 governing class actions if she were compelled to exhaust administrative remedies prior to filing a civil suit.[1] Where a rule of procedure and a statute conflict, the rule will govern. *See Yang v. Stafford* (1987), Ind.App., 515 N.E.2d 1157. To be "in conflict," it is not necessary that the rule and the statute be in direct opposition. Rather, it is required only that they be incompatible to the extent that both could not apply in a given situation. *Matter of Little Walnut Conservancy District* (1981), Ind.App., 419 N.E.2d 170, 171.

■ In this case, the statute merely provides that "any regular employee" may file a grievance. It does not, by its terms, specifically limit grievance proceedings to actions by individuals.[2] In addition, T.R.

1. T.R. 23 provides in part as follows:
   *Rule 23. Class actions*
   (A) *Prerequisites to a class action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if:
      (1) the class is so numerous that joinder of all members is impracticable;
      (2) there are questions of law or fact common to the class;
      (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
      (4) the representative parties will fairly and adequately protect the interests of the class.
   (B) *Class actions maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
      (1) the prosecution of separate actions by or against individual members of the class would create a risk of:
         (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
         (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

   (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
   (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
      (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
      (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
      (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
      (d) the difficulties likely to be encountered in the management of a class action.

2. We note that the appeals commission rejected the plaintiffs' proposal to proceed as a class through administrative channels. The commission reasoned that even if a class vehicle were appropriate, the class composition was improper.

23(B)(3) provides that in order for a class action to be maintained, the court must determine "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Although we have not been called upon specifically to determine whether IC 4–15–2–35 is applicable to those seeking to file independent class actions, this statute is subject to the requirements of the Administrative Adjudication Act (AAA), IND. CODE 4–22–1–1, et seq., which previously has been held to apply the exhaustion doctrine to those filing class actions. *See Felix v. Indiana Dept. of State Revenue* (1986), Ind.App., 502 N.E.2d 119 (disgruntled taxpayer who failed to exhaust administrative remedies was precluded from filing an independent class action). *See also May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546, and *Warram v. Stanton* (1981), Ind.App., 415 N.E.2d 114 (disgruntled Medicaid applicants who failed to exhaust administrative remedies were precluded from filing independent class actions). Because T.R. 23(B)(3) requires the court to determine whether a class action will be superior to other methods of adjudication, e.g., available administrative remedies, the rule cannot be said to conflict with IC 4–15–2–35. To interpret the two as conflicting would allow those filing class actions to bypass administrative channels. As such, claimants might be induced to characterize their claims as class actions merely as an attempt to circumvent the exhaustion requirement.[3] We therefore are unpersuaded by Spencer's arguments in this regard.

ISSUE FOUR:

Spencer next contends her complaint falls within certain well-recognized exceptions to the exhaustion requirement. In determining whether any exception applies, trial courts are to consider several factors: (1) the character of the question presented; (2) the competency of the agen-

cy to answer that question; (3) the avoidance of premature interruption of the administrative process in recognition of the interest of the agency in developing a factual record upon which to exercise its discretion and apply its expertise without the threat of litigious interference; (4) the interest in permitting an agency to correct its own errors, a process by which unnecessary judicial proceedings are obviated; and (5) the established administrative processes. *Indiana State Dept. of Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348, 1351.

Spencer first argues that the futility exception applies in this case. Pursuit of administrative remedies is futile when the agency is powerless to effect a remedy so that a remand following judicial review under the AAA would be inadequate. *Ahles v. Orr* (1983), Ind.App., 456 N.E.2d 425, 427.[4] In the present case, Spencer does not assert that the State Employees' Appeals Commission is powerless to decide her claim. Rather, she argues it is unlikely that the commission will extend relief beyond the named parties to those similarly situated. *See State v. Martin, supra.* The mere fact that the commission might refuse to provide the relief requested does not amount to futility. Spencer therefore has failed to persuade us that the futility exception applies in this case.

ISSUE FIVE:

Spencer's final contention involves the applicability of the "issue of law" exception to this case. In considering whether this exception applies, the court must examine the issue to be resolved. If it is a purely legal issue which is beyond the expertise of the available agency, it is more appropriate for judicial consideration and administrative channels may be bypassed. *See Wilson v. Board of Indiana Employment Security Division* (1979), 270 Ind. 302, 305, 385 N.E.2d 438, 441. Spencer argues that the only issue to be

---

**3.** We note that in this case the trial court never certified the class.

**4.** In *Ahles,* resort to the administrative process was futile as the administrative agency was

powerless to overrule the Governor's executive order suspending salary increases for state employees.

resolved is whether the state's compensation scheme violates the statutory requirement of equal pay for comparable work. *See* IND.CODE 4–15–2–1 et seq.; 31 IAC 2–4–2(a). On the contrary, this case involves other issues which are factual in nature. These include: whether assistant caseworkers in fact perform job functions comparable to those performed by caseworkers and whether assistant caseworkers are supposed to perform those functions or whether those functions are in fact outside the scope of their duties. These questions are more suitable to the expertise of the commission. We therefore conclude that the issue of law exception is inapplicable in this case and, as such, Spencer was not excused from the exhaustion requirement. Accordingly, the trial court properly dismissed Spencer's case for lack of subject matter jurisdiction.

Affirmed.

NEAL and ROBERTSON, JJ., concur.