Pamela GRENARD, Appellant (Petitioner Below),

v.

STATE EMPLOYEES' APPEALS COMMISSION, Appellee (Respondent Below).

No. 2–285A38.

Court of Appeals of Indiana, Second District.

June 25, 1986.

Fred O. Towe, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia S. Stanley, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SHIELDS, Judge.

Pamela Grenard initiated an action to obtain a hearing before the State Employee's Appeals Commission (SEAC) on the merits of her employee complaint. When her action was dismissed on SEAC's motion, she perfected this appeal.

We reverse.

Grenard was employed by the Indiana Employment Security Division (IESD) in the position of Accountant IV. In August, 1983, Grenard submitted applications to the State Personnel Department for Accountant III and/or Accounting Supervisor VI positions with IESD. These applications were rejected by the State Personnel Department due to her lack of supervisory experience. In October, 1983, acting on advice from the State Personnel Department, Grenard resubmitted the applications along with memoranda from her former supervisors at the State Department of Public Welfare (SDPW) stating she performed supervisory and Accounting IV duties while employed by SDPW as an Accountant. On January 3, 1984, the State Personnel Department advised Grenard that her work experience with the SDPW did not qualify her for the positions for which she was applying and her applications were again rejected.

Grenard then began the employee complaint procedure pursuant to Ind.Code Ann. § 4–15–2–35 (Burns Repl.1982),[1] claiming

1. Ind. Code Ann. § 4–15–2–35 (Burns 1982) provides:

"Any regular employee may file a complaint if his status of employment is involuntarily changed or if he deems conditions of employment to be unsatisfactory. The following complaint procedure shall be followed:

Step I: The complaint shall be discussed by the employee and his immediate supervisor and, if a mutually satisfactory settlement has not been reached within two (2) consecutive working days, such complaint shall be referred to Step II.

Step II: The complaint shall be reduced to writing and presented to the intermediate supervisor. If a mutually satisfactory settlement has not been reached within four (4) consecutive working days, such compliance shall then be referred to the appointing authority.

Step III: The appointing authority or his designated representative shall hold such hearings and conduct such investigations as he deems necessary to render a decision and shall make such decision in writing within ten (10) consecutive working days.

Should the appointing authority or his designated representative not find in favor of the employee, the complaint may be submitted within fifteen (15) claiming her calendar days to the state personnel director. The director or his designee shall review the complaint and render a decision within fifteen (15) calendar days. If the decision is not agreeable to the employee, an appeal may be submitted by the employee in writing to the commission no later than fifteen calendar days from the date the employee has been given notice to the action taken by the personnel director or his designee. After submission of the appeal, the commission shall, prior to rendering its decision, grant the appealing employee and the appointing authority a public hearing, with the right to be represented and to present evidence. With respect to all appeals, the commission shall render its decision within thirty (30) days after the date of the hearing on the appeal. If the commission finds that the action against the employee was taken on the basis of politics, religion, sex, age, race or because of membership in an employee organization, the employee shall be reinstated to his position without loss of pay. In all other cases the appointing authority shall follow the recommendation of the commission which may include reinstatement and payment of salary or

her work experience with SDPW should be credited as experience which qualified her for positions of Accountant III and/or Accountant Supervisor VI. Grenard's immediate supervisor and the appointing authority denied Grenard's complaint because it related to experience within another state agency prior to Grenard's employment with IESD. Grenard appealed to the State Personnel Director who also denied her complaint. The Director's letter of denial stated Grenard's complaint did not relate to her current employment and, consequently, her complaint neither concerned a change in the status of her employment nor related to a condition of her employment. Therefore, Grenard did not have access to the complaint procedure.[2] Grenard subsequently appealed to the State Employee's Appeals Commission (SEAC) and requested a hearing. On March 24, 1984, Grenard received a letter from SEAC denying her request for a hearing. This denial, too, was based upon the position Grenard's failure to receive credit for her past work experience with SDPW did not relate to a change in her status or to a condition of employment, and, therefore, the subject matter jurisdiction requirements of Ind. Code Ann. § 4–15–2–35 (Burns Repl.1982) had not been met.

On April 6, 1984, Grenard filed an action in the trial court against SEAC. In response, SEAC filed a Motion to Dismiss predicated on lack of subject matter jurisdiction. The trial court granted SEAC's Motion to Dismiss on the basis of Indiana Rule of Trial Procedure 12(B)(1), lack of subject matter jurisdiction, and Rule 12(B)(6), failure to state a claim for relief including failure to name the real party in interest. Grenard appeals, presenting the issue whether the trial court erred by granting SEAC's motion to dismiss.

Grenard first argues the trial court erred in dismissing her action against SEAC on the ground of lack of subject matter jurisdiction. She argues her employee complaint involves a condition of her employment which she deems unsatisfactory. SEAC argues to the contrary.

The employee complaint procedure allows "[a]ny regular employee [to] file a complaint if his status of employment is involuntarily changed or if he deems conditions of employment to be unsatisfactory." I.C. § 4–15–2–35. Grenard contends the failure to have her prior work experience credited towards the minimum qualifications of positions for which she was applying constitutes a condition of employment which she deems unsatisfactory. Thus, according to Grenard, her complaint comes within the scope of the statutory complaint procedure and, having performed the requisite steps of that procedure, she is entitled to a hearing before the SEAC.

When construing legislation, this court must reasonably interpret the statutory

wages lost by the employee which may be mitigated by any wages the employee earned from other employment during a dismissed or suspended period.

If the recommendation of the commission is not agreeable to the employee, the employee, within fifteen (15) calendar days from receipt of the commission recommendation, may elect to submit the complaint to arbitration. The cost of arbitration shall be shared equally by the employee and the state of Indiana. The commissioner of labor shall prepare a list of three (3) impartial individuals trained in labor relations, and from this list each party shall strike one (1) name. The remaining arbitrator shall consider the issues which were presented to the commission and shall afford the parties a public hearing with the right to be represented and to present evidence. The arbitrator's findings and recommendations shall be binding on both par-

ties and shall immediately be instituted by the commission."

2. The Personnel Director also indicated a review of Grenard's duties while employed by the SDPW did not substantiate her claim she functioned at the Accountant IV level. Although this alternate basis of the Personnel Director's decision addresses the merits of Grenard's complaint, Grenard is not seeking judicial review of this decision but rather is requesting review of the SEAC's decision denying her a hearing. Under I.C. § 4–15–2–35, "the appeal (to the SEAC) is not a review of the decision of the (Personnel) director, but is a *de novo* consideration of the complaint," *Rockville Training Center v. Peschke* (1983), Ind.App., 450 N.E.2d 90, 92, and it is the decision of the SEAC which is subject to judicial review under Ind.Code Ann. § 4–22–1–14 (Burns Supp.1985). *State v. VanUlzen* (1983), Ind.App., 456 N.E.2d 459, 462.

language to determine the legislative intent and purpose. *Frost v. Review Board of the Indiana Employment Security Division*, (1982) Ind.App., 432 N.E.2d 459; *Skirvin v. Review Board of the Indiana Employment Security Division* (1976), 171 Ind.App. 139, 355 N.E.2d 425. The statutory complaint procedure is part of the State Personnel Act (Act), Ind.Code Ann. §§ 4-15-2-1 to 4-15-2-46 (Burns Repl.1982 & Supp.1985), a comprehensive enactment governing employees in State service. The initial section of the Act, I.C. § 4-15-2-1, calls for liberal construction of the Act to effectuate its purposes "to increase governmental efficiency, to insure the appointment of qualified persons to the state service hereinafter defined solely on the basis of proved merit, to offer any person a fair and equal opportunity to enter such state service, and to afford the employees in such state service an opportunity for public service and individual advancement according to fair standards of accomplishment based upon merit principles." The personnel system established by the Act is based upon "merit and scientific methods relating to the appointment, compensation, promotion, transfer, layoff, removal and discipline of employees and to other incidents of state employment." Id.

■ Based upon the foregoing principles, and existing caselaw, we conclude the term "conditions of employment" includes any state, circumstance, situation, etc. the employee encounters in his employment that reasonably relates to the employment relationship or environment. Among other things, the term includes hours of employment, administration of employee benefits, rules which regulate the manner in which employees perform their work and the amount of work expected, holiday and vacation time, and sick leave. Thus, in *State Employees' Appeals Commission v. Brown* (1982), Ind.App. 436 N.E.2d 321, the trial court concluded the failure to include county welfare employees in medical and dental insurance programs offered to other State employees constituted an "unsatisfactory condition of employment." On appeal, this court affirmed the trial court's decision, holding the statutory complaint procedure is "broad enough to include the issue of insurance benefits." 436 N.E.2d at 334. In *State v. Martin* (1984), Ind.App., 460 N.E.2d 986, the court found an unsatisfactory condition of employment existed when six prison teachers were given fewer working hours than other teachers of the same status who were required to work longer hours for the same pay. Similarly, the court found the disparity in awarding back pay to some teachers and denying it to others created an unsatisfactory condition of employment. 460 N.E.2d at 991. *See Indiana Veteran's Home v. Orr* (1982), Ind.App., 439 N.E.2d 1374; *Fromuth v. State ex rel. Indiana State Employees' Association* (1977), 174 Ind.App. 280, 367 N.E.2d 29.

■ Grenard's employee complaint focuses on her determined ineligibility for consideration for promotion due to insufficient prior work experience. Promotion and advancement are commonly based upon enumerated criteria which include experience of a specified type for a specified duration. In that situation, an employees' opportunity to advance "according to fair standards of accomplishment based upon merit principles" is necessarily delayed or denied if the employee is wrongfully or arbitrarily denied credit for prior experience.[3] The determination whether an employee is or is not eligible for promotion and advancement based upon an experience criteria is at least a *de facto* categorization made by the employer and consequently is a circumstance, i.e., a condition, of the employee's present employment. Thus, the subject of Grenard's complaint constitutes a condition of employment which she deems unsatisfactory, and the trial court erred when it dismissed Grenard's action on the ground the trial court did not have

---

**3.** Of course, this situation assumes a policy of allowing credit for experience in other than the employee's *present* position.

subject matter jurisdiction because the SEAC did not have subject matter jurisdiction.

■ Next, Grenard contends the trial court erred in dismissing her action against SEAC on the theory she failed to name a necessary party. Conversely, SEAC argues Grenard's appointing authority, IESD, is a necessary party to her petition for review. SEAC focuses on the language in the Administrative Adjudication Act that "[a]ll persons who were parties to the hearing before the agency shall be made parties to the petition for review and shall be notified thereof by the person filing such petition." Ind.Code Ann. § 4–22–1–14 (Burns Supp.1985).[4] According to SEAC, because Grenard's appointing authority would have been a party to any hearing which would have been held, I.C. § 4–15–2–35, it must be named as a party in Grenard's petition for review.

Whatever it is entitled, the substance of Grenard's action against SEAC is SEAC's refusal to consider her employee complaint on its merits. SEAC refused to act albeit on the grounds it did not have jurisdiction. Logically, an agency which refuses to act has not made any order or determination which aggrieves anyone in the sense an order or determination constitutes a consideration and determination of the merits of a complaint. Consequently, while a petition to review pursuant to I.C. § 4–22–1–14 may not be inappropriate, certainly an action to compel action on the part of SEAC is most appropriate. In such an action, the only necessary party defendant is the agency, here SEAC, who refuses to act. Inasmuch as SEAC is a named party, the trial court erred in dismissing Grenard's cause on the grounds she failed to name a necessary party.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

4. Ind.Code Ann. § 4–22–1–14 (Burns Supp.1985) provides:

"(a) Any party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this chapter. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision, or determination so made by said agency, and alleging specifically wherein said order, decision, or determination is:

(1) Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) Contrary to constitutional right, power, privilege, or immunity;

(3) In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.

(b) Said petition for review shall be filed within fifteen [15] days after receipt of notice that such order, decision, or determination is made by any such agency. Notice shall be given in the manner prescribed by section 6 [4–22–1–6] of this chapter. Unless a proceeding for review is commenced by so filing such petition within fifteen [15] days, any and all rights of judicial review and all rights of recourse to the courts shall terminate.

(c) Written notice of the filing of such verified petition for review and a copy of said petition shall be personally served upon the agency and the attorney general. Where the agency consists of more than one member, it shall be personally served upon the secretary or chairman of such agency.

(d) Any party or person so filing such verified petition for review with such court shall within fifteen [15] days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency, including the order or administrative adjudication sought to be reviewed, and file the same with the clerk of such court in which such action for review is pending. An extension of time in which to file such transcript shall be granted by said court in which such action for review is pending for good cause shown. Inability to obtain such transcript within time shall be good cause. Failure to file such transcript within said period of fifteen [15] days, or to secure an extension of time therefor, shall be cause for the dismissal of such petition for review by the court or on petition of any party of record to the original proceeding. Where more than one person may be aggrieved by the administrative adjudication, only one [1] proceeding for review may be had, and the court in which a petition for review is first properly filed shall have jurisdiction. All persons who were parties to the hearing before the agency shall be made parties to the petition for review and shall be notified thereof by the person filing such petition."