Norma **ABNER, et al., Appellants– Plaintiffs,**

v.

**DEPARTMENT OF HEALTH OF the STATE OF INDIANA by and through the INDIANA SOLDIERS' AND SAILORS' CHILDREN'S HOME, Appellee–Defendant.**

No. 49A02–0201–CV–21.

Court of Appeals of Indiana.

Nov. 4, 2002.

Roger P. Ralph, Gary W. Bippus, Jarrod K. Ralph, Ricos Bippus & Ralph, Indianapolis, IN, Attorneys for Appellants.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Norma Abner and other employees of the residential division of the Soldiers' and Sailors' Children's Home (collectively, "Employees")[1] appeal the trial court's dismissal of Employees' complaint against the Department of Health of the State of Indiana by and through the Indiana Soldiers' and Sailors' Children's Home ("State") for lack of subject matter jurisdiction. Employees raise one issue, which we restate as whether the trial court erred when it dismissed their complaint for lack of subject matter jurisdiction. We affirm.

The facts most favorable to the judgment follow. On June 11, 1999, Employees filed a complaint against the State to recover unpaid overtime compensation. Employees are former or current employees of the State working as houseparents in the residential division of the Indiana

---

1. The following persons are named as plaintiffs on the complaint: Norma Abner, Sharon Anderson, Elizabeth Baker, Brenda Barnes, Neal Bell, Betty Brown, Lisa Byrket, Marcia Byrket, Ron Cameron, Doris Cash, Linda Cross, Diana DeLois, Rachel Denney, Teresa D. Dulin, Mark Eastridge, Cary Ellis, Pauline Flynn, Deborah Force, Darlene Gorman, Constance Griffin, Linda Guffey, Stephen Guyer, Phyllis Harris, Andrea Helm, Carla Hibbard, Betty Irvin, Wanetta Kirk, Imogene Logan, Julian Lunsford, Clifford McDaniel, Ellen New, Sheila Oliver, Georgia Overton, Sheila Peckinpaugh, Sheliah Phelps, LaVerne Pogmore, Melvin Rhodes, Judith Robertson, Deenna Roy, Connie Smith, Judy Smith, Richard Smith, Suzanne Smith, Nova Sorrell, Linda Thatcher, Marsha Turpen, and Ron Wilkinson. Because all appellants are employees of the Children's Home we refer to them collectively as Employees.

Soldiers' and Sailors' Children's Home ("Children's Home"). Employees reported to the Children's Home and worked for seven consecutive days. Employees were paid for time spent working with the children. Employees were not paid for time the children spent sleeping or time the children spent at school. Employees were also required to spend the night at the Children's Home, but were only paid overtime if their sleep was disrupted because they were required to perform work related tasks. However, while the children were at school Employees were permitted to leave the Children's Home.

Employees argue that, because they were required to stay in overnight, they should be compensated for the time spent sleeping at the Children's Home regardless of whether they were working with the children. Specifically, Employees sought relief under the Indiana Wage Payment Statute and the Indiana Minimum Wage Law. Ind.Code §§ 22–2–5–1 to –3 (1998); Ind.Code §§ 22–2–2–1 to –13 (1998 & Supp.2001).[2]

The parties filed cross motions for summary judgment. However, on December 10, 2001 the trial court found that it lacked subject matter jurisdiction to adjudicate Employees' claims. Specifically, the trial court found that Employees, as state employees, had failed to comply with the mandatory administrative remedies within the State Personnel Administration Act.

Ind.Code § 4–15–2–35 (1998 & Supp.2001). Accordingly, because Employees had failed to exhaust their administrative remedies, the trial court held that it lacked subject matter jurisdiction to hear the claims.

■■■ The sole issue is whether the trial court erred in dismissing Employees' complaint for lack of subject matter jurisdiction.[3] In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support of the motion. *GKN Co. v. Magness*, 744 N.E.2d 397, 400· (Ind.2001). The trial court may also weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id.* When we review a dismissal for lack of subject matter jurisdiction, we must consider: (1) whether the trial court resolved disputed facts, and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* at 401. Here, the facts are not in dispute. When the facts before the trial court are not in dispute the question of subject matter jurisdiction is purely one of law. No deference is accorded to the trial court's conclusion because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." *Id.* Thus, we will review de novo the trial

---

**2.** Employees also sought relief under the Fair Labor Standard's Act ("FLSA"). 29 U.S.C. § 201 (2000). However, in light of the United States Supreme Court's decision in *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), Employee's FLSA claim was dismissed.

**3.** This matter came before the trial court on cross motions for summary judgment. However, a trial court lacks authority to exercise subject matter jurisdiction over a claim if available administrative remedies have not

been exhausted. *Rambo v. Cohen*, 587 N.E.2d 140, 143 (Ind.Ct.App.1992), *reh'g denied, trans. denied.* Accordingly, if a party neglects to exhaust administrative remedies, the trial court must dismiss the complaint and may not enter summary judgment or take any other action. *Id. see, e.g., Ind. State Dep't. of Welfare v. Stagner*, 410 N.E.2d 1348, 1351 (Ind.Ct.App.1980) (holding that party was required to exhaust administrative remedies before seeking judicial relief in the trial court).

court's dismissal of Employees' claim for lack of subject matter jurisdiction. *Id.*

Employees argue that the trial court erred in dismissing their claim for lack of subject matter jurisdiction. Specifically Employees contend that the State Employee Appeals' Commission (SEAC) had no statutory basis to review their claims. Particularly, Employees argue that overtime pay is not a "condition of employment" within Ind.Code § 4–15–2–35 of the State Personnel Administration Act. We disagree.

The State Personnel Administration Act governs employment related complaints by state employees. Ind.Code § 4–15–1 to – 13. Specifically, the State Personnel Administration Act calls for a liberal construction so as to effectuate its purposes "to increase governmental efficiency, to insure the appointment of qualified persons to the state service solely on the basis of proved merit, to offer any person a fair and equal opportunity to enter the state service, and to afford the employees in state service an opportunity for public service and individual advancement according to fair standards of accomplishment based upon merit principles." I.C. § 4–15–2–1. The Act details the process whereby state employees are afforded a procedure for addressing grievances and complaints. In particular, Ind.Code § 4–15–2–35 provides in pertinent part that:

> Any regular employee may file a complaint if his status of employment is involuntarily changed or if he deems conditions of employment to be unsatisfactory. However, the complaint procedure shall be initiated as soon as possible after the occurrence of the act or condition complained of and in no event shall be initiated more than thirty (30) calendar days after the employee is notified of a change in his status of employment or after an unsatisfactory condition

of employment is created. Failure to initiate the complaint procedure within such time period shall render the complaint procedure unavailable to the employee.

We have previously defined the term "conditions of employment" to include "any state, circumstance, situation, etc. the employee encounters in his employment that reasonably relates to the employment relationship or environment." *Grenard v. State Employees' Appeals Comm'n,* 494 N.E.2d 341, 344 (Ind.Ct.App.1986). Specifically, we determined that among other things, conditions of employment included hours of employment, administration of employee benefits, rules that regulate the manner in which employees perform their work, the amount of work expected, holiday and vacation time, and sick leave. *Id.* We held that our legislature requires that a state employee with a grievance concerning conditions of employment must adhere to established administrative procedures pursuant to the State Personnel Administration Act. *Rambo,* 587 N.E.2d at 144.

■ The Administrative Orders and Procedures Act (AOPA) governs judicial review of an administrative action and is the "exclusive means for judicial review of an agency action." Ind.Code § 4–21.5–5–1 (1998). A state employee may seek judicial review under AOPA "only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." Ind.Code § 4–21.5–5–4 (1998); *see also Rambo,* 587 N.E.2d at 144. The scope of our judicial review under AOPA is limited to a consideration of: "(1) whether there is substantial evidence to support the agency's finding and order and (2) whether the action constitutes an abuse of discretion or is arbitrary or capricious." *State Bd. of Registration for Prof'l Eng'r*

*v. Eberenz,* 723 N.E.2d 422, 430 (Ind.2000); *see, e.g., State v. Sproles,* 672 N.E.2d 1353, 1358 (Ind.1996) (stating that administrative remedies must be exhausted before an aggrieved party may seek recourse in the courts).

■ Employees' argument that lack of overtime pay is not a condition of employment, as defined by Ind.Code § 4–15–2–35, is without merit. In the trial court's order, it concluded that Employees "clearly seek relief from an unsatisfactory condition of employment, specifically the State's policy of not paying them for time spent sleeping." Appellant's Appendix at 24. The trial court stated that "[t]he amount of pay, hours of employment, the amount of work expected are just some of the 'conditions of employment' contemplated by I.C. 4–15–2–35." *Id.*

■ Mindful that Ind.Code § 4–15–2–1 of the State Personnel Administration Act calls for a liberal interpretation, our analysis of the term "conditions of employment" is broad in scope. For example, in *State of Ind. v. Martin,* we held that the disparity in awarding back pay to some teachers and denying it to others created an unsatisfactory condition of employment. 460 N.E.2d 986, 991 (Ind.Ct.App.1984), *reh'g denied.* Similarly, in *State Employees' Appeals Comm'n v. Brown,* we held that the failure to include county welfare employees in medical and dental insurance programs offered to other state employees was an unsatisfactory condition of employment. 436 N.E.2d 321, 334 (Ind.Ct.App.1982). In *Brown,* we reasoned that the statutory complaint procedure was "broad enough to include the issue of insurance benefits." *Id.* More recently, we held that the failure of a state agency to consider prior work experience for promotion within the same state agency was a condition of employment. *Grenard,* 494 N.E.2d at 344.

Here, Employees' claim for lack of overtime pay concerns a condition of employment. The failure to pay overtime compensation is a "circumstance, situation, etc. the employee encounters in his employment that reasonably relates to the employment relationship or environment." *Id.* Therefore, Employees were required to follow the procedural guidelines outlined in Ind.Code § 4–15–2–35. As such, the trial court did not err in dismissing Employees' complaint for lack of subject matter jurisdiction.

■ Although we require exhaustion of administrative remedies in almost all circumstances, we do recognize that exceptions do exist "if administrative procedures are incapable of 'answering the question presented' by a party's claim, . . . ." *Rambo,* 587 N.E.2d at 144 (quoting *Ind. Dep't of Pub. Welfare v. Chair Lance Serv., Inc.* 523 N.E.2d 1373, 1379 (Ind. 1988)).

A party is excepted from the exhaustion requirement when the remedy is inadequate or would be futile, or when some equitable consideration precludes application of the rule. To prevail upon a claim of futility, "one must show that the administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances." Furthermore, the requirement of exhaustion of administrative remedies "will be relaxed where there is grave doubt as to the availability of the administrative remedy."

*Smith v. State Lottery Comm'n of Ind.,* 701 N.E.2d 926, 931 (Ind.Ct.App.1998), (internal citations omitted) *trans. denied; see also MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy & Planning,* 699 N.E.2d 306, 309 (Ind.Ct.App. 1998) ("where an agency arbitrarily delays in rendering a decision, a trial court may

acquire jurisdiction and order the administrative body to act even though administrative remedies have not been exhausted").

▇▇▇ Employees argue that they would suffer irreparable harm if required to exhaust administrative remedies prior to seeking judicial review of the matter. Specifically, Employees argue that the State Personnel Administration Act does not provide them with an effective remedy. Employees seek a remedy under the Indiana Minimum Wage Law and the Indiana Wage Payment Statute. Ind.Code §§ 22–2–2–1 to –13; Ind.Code §§ 22–2–5–1 to –3. However to qualify for exemption from the exhaustion requirement, Employees' administrative remedy must be inadequate or futile, which it is not. Employees contend that an administrative remedy precludes them from obtaining liquidated damages and attorneys fees. However, a remedy is not inadequate simply because it is different. See, e.g., MHC Surgical Ctr. Assocs., Inc., 699 N.E.2d at 308–309 (holding that the agency's inaction excused the providers from exhausting their administrative remedies). Further, to prevail on this theory, Employees must demonstrate that the "administrative agency was powerless to effect a remedy or that it would have been impossible or fruitless and of no value under the circumstances." As such, Employees have a sufficient administrative remedy and are not exempt from the exhaustion requirement.

▇▇▇ Even assuming arguendo that Employees were exempted from the exhaustion requirement, their claims under the Minimum Wage Law and the Wage Payment Statute are without merit.[4] Specifically, Employees' reliance upon E & L Rental Equip., Inc. v. Gifford, 744 N.E.2d 1007, 1010 (Ind.Ct.App.2001), for the proposition that a party who brings a claim pursuant to the Wage Payment Statute[5] is not required to first exhaust administrative remedies prior to filing suit is misplaced. Our holding in Gifford does not have such a broad application. Rather, there we held that an employee seeking damages from an employer for nonpayment of wages under the Wage Claims Statute could file in any court having jurisdiction and was not required to first exhaust administrative remedies with the Department of Labor. Id. Unlike the Employees here, the employee in Gifford was not subject to the administrative guidelines of the State Personnel Administration Act. Consequently, he was "not challenging the action of an administrative agency; rather, his claim [was] against his former employer for the non payment of

---

4. We have previously discussed the Minimum Wage Law in the context of overtime compensation and concluded that the "[Minimum] Wage Law does not seek to mandate overtime compensation amounts." Parker v. Schilli Transp., 686 N.E.2d 845, 851 (Ind.Ct.App. 1997), trans. denied. Particularly, we held that "claims for overtime compensation cannot be raised under the [Minimum] Wage Law and that the [Fair Labor Standards Act] is the exclusive remedy for enforcing rights created under that federal statute." In so holding, we relied upon Ind.Code § 22–2–2–3, which states in pertinent part that "[e]mployer ... shall not include any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act...."

Id. at 850. An employer subject to the Fair Labor Standards Act (FLSA) "includes any person acting directly or indirectly in the interest of an employer in relation to an employee...." Id. The State is an employer within the meaning of the FLSA. Accordingly, it is not an employer for purposes of the Minimum Wage Law and Employees' argument under the Minimum Wage Law fails.

5. See St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele, 766 N.E.2d 699, 702–705 (Ind. 2002) (clarifying the distinctions between the Wage Payment Statute and the Wage Claims Act).

wages, ...." *Id.* Here, Employees are subject to the administrative guidelines of the State Personnel Administration Act, and because they have not exhausted their administrative remedies within the State Personnel Administration Act, their claim under the Wage Payment Statute fails. *See, e.g., Cox v. Town of Rome City,* 764 N.E.2d 242, 248 (Ind.Ct.App.2002) (holding that employee was not required to exhaust administrative remedies before seeking a remedy for the late payment of his wages because employee's statutory remedy only applied to his wrongful termination claim).

Here, Employees' claim falls within the State Personnel Administration Act; consequently, Employees should have followed the administrative procedures set forth in the Act. Employees are only entitled to judicial review of their claim "after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." I.C. § 4–21.5–5–4. Accordingly, the trial court did not err by dismissing Employees' claim for lack of subject matter jurisdiction.

For the foregoing reasons, we affirm the trial court's dismissal of Employees' complaint for lack of subject matter jurisdiction.

Affirmed.

FRIEDLANDER, J., and NAJAM, J., concur.