

**FILED**

Feb 29 2016, 9:43 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Christopher K. Starkey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward Skillman,

*Appellant-Plaintiff,*

v.

Ivy Tech Community College,

*Appellee-Defendant.*

February 29, 2016

Court of Appeals Cause No.
49A04-1509-PL-1279

Appeal from the Marion Superior Court

The Honorable David J. Dreyer, Judge

Trial Court Cause No.
49D10-1309-PL-35369

**Barnes, Judge.**

## Case Summary

Edward Skillman appeals the trial court's grant of summary judgment in favor of Ivy Tech Community College ("Ivy Tech") on Skillman's claim under the

Indiana Wage Payment Act ("WPA"), Indiana Code Chapter 22-2-5. We affirm.

## Issue

The sole restated issue we need address is whether Ivy Tech was governed by the overtime compensation provisions of the Indiana Minimum Wage Law ("MWL"), Indiana Code Chapter 22-2-2.

## Facts

In 2008, Ivy Tech hired Skillman as a senior operations analyst. Prior to beginning work Ivy Tech provided Skillman notice of his classification as an "Administrative Exempt, E-1" employee as defined by the Ivy Tech employee handbook, which meant that he was not entitled to overtime compensation or compensatory time. App. p. 11. Skillman received a set salary in addition to benefits, paid vacation and sick time, and a paid-for cell phone and cell phone plan.

Skillman's position required him to be on call after hours, and he received an average of eleven after-hours calls per week. Skillman never requested payment of overtime from Ivy Tech while he was employed. However, after Skillman left Ivy Tech in 2013, he calculated that he was owed $108,000 in overtime for having to work on call. He filed an action in state court seeking recovery of that amount under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-209, the MWL, and the WPA. The trial court dismissed the FLSA claim. Subsequently, Ivy Tech moved for and was granted summary judgment

on Skillman's state law claims. Skillman now appeals only with respect to the state law claims.

## Analysis

Skillman contends he was entitled to seek recovery of overtime compensation from Ivy Tech under the MWL and WPA,[1] despite the absence of any agreement that he was entitled to such compensation. When reviewing a trial court's grant of summary judgment, our standard of review is the same as it is for the trial court. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). The moving party must make a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* If a moving party meets this burden, then the non-moving party must come forward with evidence establishing the existence of a genuine issue of material fact. *Id.* "We construe all factual inferences in favor of the non-moving party and resolve all doubts as to the existence of a material issue against the moving party." *Id.* In reviewing a summary judgment ruling, we are limited to the designated evidence before the trial court, *see* Ind. Trial Rule 56(H), but we are not constrained by either the claims and arguments presented to the trial court or the rationale of the trial court's ruling, if one was stated. *Id.*

---

[1] Because Skillman voluntarily left Ivy Tech, his action fell under the WPA and not the Wage Claim Act, Indiana Code Chapter 22-2-9, which governs claims for pay when an employer terminates an employee or there is a work stoppage because of an industrial dispute. *See St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002).

[6] The trial court stated in its summary judgment ruling that Skillman was not entitled to overtime compensation because it was never agreed to and Skillman acquiesced in the non-overtime pay he had received over the years. We are not bound by that reasoning, and we do not believe it is necessary to address it. Rather, we believe there is an even more fundamental issue in this case that warrants summary judgment in Ivy Tech's favor, and that is Ivy Tech's exclusion from application of the MWL as a matter of law.

[7] The WPA "governs both the frequency and amount and employer must pay its employee." *City of Clinton v. Goldner*, 885 N.E.2d 67, 75 (Ind. Ct. App. 2008). If an employer fails to pay wages either semimonthly or biweekly, if requested, it may be subject to liquidated damages and attorney fees. *Id.*; *see also* Ind. Code §§ 22-2-5-1, 22-2-5-2. Skillman's claim that he was entitled to overtime compensation and may collect it under the WPA is necessarily premised upon establishing that Ivy Tech, an arm of the State,[2] must pay wages in accordance with the MWL. Indiana Code Section 22-2-2-4(k) states:

> Except as otherwise provided in this section, no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed.

---

[2] State colleges such as Ivy Tech are considered a political subdivision of the State. *See Orem v. Ivy Tech State College*, 711 N.E.2d 864, 869 (Ind. Ct. App. 1999), *trans. denied*.

[8] Crucially, the MWL defines "employer" as follows:

> any individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision during any work week in which they have two (2) or more employees. However, it shall not include any employer who is subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201-209).

I.C. § 22-2-2-3.

[9] In *Abner v. Dept. of Health of State of Indiana*, 777 N.E.2d 778, 784 n.4 (Ind. Ct. App. 2002), *trans. denied*, we stated, "The State is an employer within the meaning of the FLSA. Accordingly, it is not an employer for purposes of the Minimum Wage Law and Employees' argument under the Minimum Wage Law fails." Skillman is correct that this statement was dicta, given that we decided the case based on lack of subject matter jurisdiction for failure to exhaust administrative remedies. *Abner*, 777 N.E.2d at 785. Dicta is not necessarily incorrect, however; we believe *Abner* was correct.

[10] Skillman does not dispute that Ivy Tech is governed by the FLSA. It includes within its definition of "employee" most employees of political subdivisions of the states, subject to certain exceptions inapplicable to Skillman. *See* 29 U.S.C. § 203(e)(2)(C). However, although state governments must comply with FLSA, they are immune from suits by private individuals for alleged violations of FLSA, pursuant to the Eleventh Amendment to the United States Constitution, unless a state has waived its immunity to such suits. *See Alden v. Maine*, 527

U.S. 706, 732, 119 S. Ct. 2240, 2255-56 (1999). This immunity applies not only to actions in federal court, but actions in a state's own courts as well. *See id.* at 754, 119 S. Ct. at 2266. At this point in the litigation, Skillman concedes that FLSA applies to Ivy Tech and the State, that Ivy Tech cannot be sued in either state or federal court for any purported violation of FLSA's minimum wage requirements, and that the State has not consented to suit under FLSA.

[11]   Nevertheless, Skillman argues that the State is also governed by the MWL and that he can enforce that law against the State through the WPA. In part, Skillman contends that because he cannot recover overtime pay under the FLSA, there should be no bar to him doing so under the MLW and WPA because there is no risk of double recovery. Our supreme court addressed a similar situation in *Montgomery v. Board of Trustees of Purdue University*, 849 N.E.2d 1120 (Ind. 2006). In that case, an employee of Purdue University attempted to sue the University under both the Federal Age Discrimination in Employment Act ("ADEA") and the Indiana Age Discrimination Act ("IADA") after being fired. Similar to the MWL, the IADA excludes from the definition of covered employer any person or governmental entity that is "subject to" the ADEA. *Montgomery*, 849 N.E.2d at 1122 (citing I.C. § 22-9-2-1). Our supreme court first noted that the State, while governed by the federal law, was immune from suits for monetary damages by private citizens for alleged violations of that law pursuant to the Eleventh Amendment. *Id.* at 1125. Additionally, the State's enactment of the IADA did not represent unequivocal consent to suit under the ADEA. *Id.* Furthermore, even if there

was "lax or nonexistent" enforcement of the federal law against state governments by the Equal Employment Opportunity Commission ("EEOC"), the possibility of such enforcement did exist because the federal government "is not subject to the Eleventh Amendment and can seek both monetary and non-monetary remedies against state agencies." *Id.* at 1126 (citing *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n. 9, 121 S. Ct. 955, 968 n. 9 (2001)). "As a result, state agencies subject to EEOC enforcement are 'subject to' the ADEA as that term is used in the IADA."[3] *Id.* "If the law imposes standards of conduct on state employers, they are 'subject to' it." *Id.* at 1127. And, because state agencies are "subject to" the AEDA, they are not employers covered by the IADA.[4] *Id.* Our supreme court affirmed dismissal of the plaintiff's complaint on this basis. *Id.*

[12] We perceive no meaningful distinction between *Montgomery* and the present case. Although the possibility of enforcement of FLSA against a state agency may be slim to nonexistent, it does appear such enforcement could come from the Department of Labor, which administers FLSA with respect to all covered non-federal employees. *Angelo v. U.S.*, 57 Fed. Cl. 100, 113 n.14 (Fed. Cl.

---

[3] The court also discussed the possibility that a private citizen could seek injunctive relief against a state agency under the ADEA. *Montgomery*, 849 N.E.2d at 1126-27. Such relief does not seem to be available under the FLSA. *See Michigan Corr. Org. v. Michigan Dept. of Corr.*, 774 F.3d 895, 907-08 (6th Cir. 2014). The *Montgomery* court's discussion of the possibility of injunctive relief came after it had already unequivocally stated that the possibility of EEOC enforcement of ADEA was sufficient to make the State "subject to" ADEA.

[4] The court then addressed a "second reason" for failure of the complaint—IADA's lack of express authorization for an employee to seek monetary damages. *Montgomery*, 849 N.E.2d at 1127-31. This discussion arguably was dicta, as the court had already affirmed dismissal of the complaint.

2003); *see also* 29 U.S.C. § 216(c) (authorizing Secretary of Labor to file actions to collect unpaid minimum wages or unpaid overtime compensation). The Eleventh Amendment would not bar such actions against a state agency. *See Montgomery*, 849 N.E.2d at 1126. In any event, it is clear that FLSA "imposes standards of conduct" on employers such as Ivy Tech. *See id.* at 1127. As such, Ivy Tech is "subject to" FLSA, necessarily meaning it also is excluded from the definition of "employer" under the MWL.

[13] Skillman argues that finding Ivy Tech is "subject to" FLSA renders meaningless the inclusion of "the state" as a covered employer under the MWL. We disagree. In fact, much of the MWL could be rendered meaningless under this argument, as many of the potential "employers" it covers will also be subject to FLSA, not just the State. In any event, we note that FLSA contains a number of exceptions to its definition of covered state government employees. Specifically, FLSA does not apply to any individual:

> (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
>
> (ii) who—
>
> > (I) holds a public elective office of that State, political subdivision, or agency,
> >
> > (II) is selected by the holder of such an office to be a member of his personal staff,

(III) is appointed by such an officeholder to serve on a policymaking level,

(IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or

(V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203(C).  Skillman does not contend that he fell within any of these exceptions.  If he had, it is conceivable he might seek coverage under the MWL.  Furthermore, where statutory language is clear and unambiguous, the plain language of the statute must be given effect.  *State v. American Family Voices, Inc.*, 898 N.E.2d 293, 297 (Ind. 2008).  Skillman wishes us to delete that portion of the MWL statute stating that it does not apply to employers "subject to" FLSA, and we will not do so.

[14]    Skillman also contends that the State legislature could have amended the MWL after the decision in *Alden*, holding that states are immune from private suit under the FLSA, to clearly state whether the MWL applied to state government agencies here in Indiana.  He argues that the failure to do so evinces an intent that State employees generally be entitled to pursue claims for overtime pay under the MWL and WPA.  If anything, we believe legislative inaction following *Alden* in failing to expressly include all State employees within the scope of the MWL, notwithstanding their largely nominal and unenforceable

coverage under FLSA, indicates the legislature generally did not intend to allow state employees to pursue state remedies for overtime pay under the MWL and WPA. *Cf. Fraley v. Minger*, 829 N.E.2d 476, 492 (Ind. 2005) (noting doctrine of legislative acquiescence in court decision when legislature fails to respond to such decision). We note the general principle, "A state may not be sued in its own courts unless it has waived its sovereign immunity by expressly consenting to such suit through a 'clear declaration' of that consent." *Oshinski v. N. Indiana Commuter Transp. Dist.*, 843 N.E.2d 536, 539-40 (Ind. Ct. App. 2006) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680, 119 S. Ct. 2219, 2228 (1999)). There has been no such "clear declaration" by the legislature with respect to state employees and overtime compensation under the MWL.

[15] Skillman has not established that Ivy Tech was required to pay him overtime compensation under the MWL. Ivy Tech paid Skillman the salary it agreed to pay him, and he has no claim for unpaid wages under the WPA as a matter of law.

## Conclusion

[16] Ivy Tech is not an "employer" for purposes of the MWL because it is "subject to" FLSA requirements, even if Skillman cannot personally enforce FLSA requirements against Ivy Tech. Therefore, Skillman was not entitled to overtime compensation from Ivy Tech under the MWL and he has no cause of

action under the WPA. We affirm the grant of summary judgment in favor of Ivy Tech.

[17] Affirmed.

Robb, J., and Altice, J., concur.