FILED

Dec 29 2016, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Mary Jane Lapointe
Daniel Lapointe Kent
Lapointe Law Firm, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Suzanne E. Esserman, *Appellant-Plaintiff,* | December 29, 2016 |
| | Court of Appeals Case No. 49A02-1605-PL-1129 |
| v. | Appeal from the Marion Superior Court |
| Indiana Department of Environmental Management, *Appellee-Defendant.* | The Honorable Cynthia J. Ayers, Judge |
| | Trial Court Cause No. 49D04-1509-PL-32140 |

**Najam, Judge.**

## Statement of the Case

[1] Suzanne E. Esserman appeals the trial court's dismissal of her complaint against the Indiana Department of Environmental Management ("IDEM"), in which Esserman alleged that IDEM had unlawfully terminated her

employment, in violation of Indiana's False Claims Act, Ind. Code §§ 5-11-5.5-1 to -18 (2016), in retaliation for her reporting alleged misuse of State funds by certain IDEM officers. Esserman raises two issues for our review:

1.  Whether the trial court erred when it concluded that sovereign immunity barred the court from having subject matter jurisdiction over Esserman's complaint against IDEM.

2.  Whether the trial court erred when it concluded that Esserman had failed to state a claim upon which relief can be granted.

We reverse and remand for further proceedings.

## Facts and Procedural History

In her complaint against IDEM, Esserman alleged the following facts to be true:

5.  At all times during her [nearly 25 years of] employment with IDEM, Esserman performed her job duties in a satisfactory manner.

6.  During the course of her employment, Esserman discovered that certain individuals at IDEM were engaged in misuse of State funds.

7.  Esserman made numerous objections to misuse of State funds and was terminated in retaliation for those objections.

8. Esserman objected to approval of some claims made by applicants for dispersal of State funds from the Excess Liability Trust Fund (ELTF), which pays for various projects including the remediation of contamination caused by leaking underground storage tanks. The ELTF is funded in large measure by tax dollars generated from the State tax on gasoline sales.

9. On many occasions, Esserman found that applicants had not properly documented their claims[] and therefore the claims were not "reasonable and cost effected [sic]," as required for ELTF funds under IC § 13-23-9-2 and its implementing regulations.

10. Esserman could not legally approve claims without reviewing them, and when she actually reviewed them, she was disciplined for working too slowly, despite the fact that she found numerous instances in which the applicants should not legally have been paid for all costs invoiced.

Appellant's App. Vol. II at 8. In light of those facts, Esserman claimed that IDEM had unlawfully terminated her employment in retaliation for reporting the alleged misuse of State funds.

[4] In response, IDEM moved for the trial court to dismiss Esserman's complaint on two grounds. First, IDEM asserted that the State had not waived its right to sovereign immunity from suit for claims of retaliation under the False Claims Act and, as such, Esserman's complaint did not invoke the subject matter of the trial court. Second, IDEM asserted that the facts alleged in Esserman's complaint failed to state a claim upon which relief can be granted. The trial

court agreed with both of IDEM's arguments and dismissed Esserman's complaint accordingly. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[5] The trial court dismissed Esserman's complaint without holding an evidentiary hearing. Where, as here, the trial court's judgment under Trial Rules 12(B)(1) and 12(B)(6) was based on facts not in dispute, we review the trial court's dismissal of the complaint de novo. *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015); *Berry v. Crawford*, 990 N.E.2d 410, 414 (Ind. 2013). Thus, we afford no deference to the trial court's judgment. *S.C. v. S.B. (In re M.B.)*, 51 N.E.3d 230, 233 (Ind. 2016). "This Court views motions to dismiss . . . with disfavor because such motions undermine the policy of deciding causes of action on their merits." *McQueen v. Fayette Cty. Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*.

## *Issue One: Sovereign Immunity*

[6] We first consider the trial court's judgment that IDEM is entitled to common law sovereign immunity from claims of unlawful retaliation under the False Claims Act. As our supreme court has repeatedly recognized:

> More than forty years ago, a series of judicial decisions almost entirely abolished common law immunity for government entities and activities in this state. *Campbell v. State*, 259 Ind. 55, 63, 284 N.E.2d 733, 737-38 (1972) (abrogating immunity for the state); *Klepinger v. Bd. of Comm'rs of Miami Cnty.*, 143 Ind. App. 178, 198-202, 239 N.E.2d 160, 172-73 (1968) (abrogating

immunity for counties), *trans. denied*; *Brinkman v. City of Indianapolis*, 141 Ind. App. 662, 666-69, 231 N.E.2d 169, 172-73 (1967) (abrogating immunity for municipalities), *trans. denied*. Under Indiana common law, with very limited exception, governmental entities are thus subject to liability under traditional tort theories.[1] *See Benton v. City of Oakland City*, 721 N.E.2d 224, 227 (Ind. 1999) (noting the three limited circumstances in which common law sovereign immunity still exists: crime prevention, appointments to public office, and judicial decision-making).

*F.D. v. Ind. Dep't of Child Servs.*, 1 N.E.3d 131, 135-36 (Ind. 2013). As Esserman's complaint against IDEM does not invoke any of "the three limited circumstances in which common law sovereign immunity still exists," *id.*, IDEM is not entitled to common law sovereign immunity.

[7] Nonetheless, IDEM argues that this court recently held that common law sovereign immunity might apply on behalf of the State in some circumstances. In particular, IDEM relies on *Skillman v. Ivy Tech Community College*, in which this court stated "the general principle" that "[a] state may not be sued in its own courts unless it has waived its sovereign immunity by expressly consenting to such suit through a 'clear declaration' of that consent." 52 N.E.3d 11, 16 (Ind. Ct. App. 2016) (quoting *Oshinski v. N. Ind. Commuter Transp. Dist.*, 843 N.E.2d 536, 539-40 (Ind. Ct. App. 2006)), *trans. denied*. But the State's reliance

---

[1] IDEM expressly concedes that the Indiana Tort Claims Act is not an issue for our review on appeal. Appellee's Br. at 17 n.5 (stating that the Tort Claims Act does not apply here because Esserman has alleged a "statutory claim of retaliatory discharge . . . rather than a tort claim of retaliatory discharge") (emphases removed). As IDEM concedes that the Tort Claims Act does not apply, we do not consider it.

on *Skillman* and *Oshinski* is misplaced. Those cases can easily be distinguished because both involved suits against the State under federal law, and sovereign immunity in such cases is a question under the Eleventh Amendment to the United States Constitution, not a question under Indiana's common law. *See* U.S. Const. amend. XI. Nothing about Esserman's suit against IDEM in the Marion Superior Court under Indiana Code Section 5-11-5.5-8 implicates the Eleventh Amendment. Accordingly, we conclude that IDEM is not entitled to common law sovereign immunity and hold that the trial court erred when it dismissed Esserman's complaint under Indiana Trial Rule 12(B)(1) for lack of jurisdiction.

## *Issue Two: Failure to State a Claim*

[8] We thus turn to the alternative basis for the trial court's dismissal of Esserman's complaint, namely, that she had failed to state a claim upon which relief can be granted. Esserman filed her complaint for unlawful retaliatory discharge under Indiana Code Section 5-11-5.5-8(a), which provides:

> An employee who has been discharged, demoted, suspended, threatened, harassed, or otherwise discriminated against in the terms and conditions of employment by the employee's employer because the employee:
>
> > (1) objected to an act or omission described in section 2 of this chapter; or
> >
> > (2) initiated, testified, assisted, or participated in an investigation, an action, or a hearing under this chapter;

is entitled to all relief necessary to make the employee whole.

[9]     Indiana Code Section 5-11-5.5-2(b) provides:

A person who knowingly or intentionally:

(1) presents a false claim to the state for payment or approval;

(2) makes or uses a false record or statement to obtain payment or approval of a false claim from the state;

(3) with intent to defraud the state, delivers less money or property to the state than the amount recorded on the certificate or receipt the person receives from the state;

(4) with intent to defraud the state, authorizes issuance of a receipt without knowing that the information on the receipt is true;

(5) receives public property as a pledge of an obligation on a debt from an employee who is not lawfully authorized to sell or pledge the property;

(6) makes or uses a false record or statement to avoid an obligation to pay or transmit property to the state;

(7) conspires with another person to perform an act described in subdivisions (1) through (6); or

(8) causes or induces another person to perform an act described in subdivisions (1) through (6);

is . . . liable to the state for a civil penalty of at least five thousand dollars ($5,000) and for up to three (3) times the amount of damages sustained by the state. In addition, a person who violates this section is liable to the state for the costs of a civil action brought to recover a penalty or damages.

[10] In her complaint, Esserman alleged that IDEM terminated her employment in retaliation for her having made "numerous objections" about certain IDEM officials misusing state funds. Appellant's App. Vol. II at 8. As such, Esserman's complaint plainly stated a cause of action under Section 8(a).[2]

[11] Still, IDEM asserts that Esserman has failed to state a claim for two reasons. First, IDEM argues that she has not stated a claim because other parts of the False Claims Act limit the ability of citizens to bring *qui tam* actions[3] on behalf of the State for the recovery of funds. *See* I.C. § 5-11-5.5-4. But Esserman has not stated a *qui tam* action under Section 4. Accordingly, IDEM's argument on this point must fail.

[12] Second, IDEM asserts that the word "employer" in Section 8, while not defined in the Indiana Code, must be interpreted to mean only private employers because some other statutes scattered throughout the Indiana Code suggest Esserman might have other remedies against a public employer for retaliatory

---

[2] We reject IDEM's argument on appeal that Esserman's complaint is not sufficient under our notice pleading requirements.

[3] A *qui tam* action is "[a]n action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." *Black's Law Dictionary* 1444 (10th ed. 2014).

discharge. *See* Appellee's Br. at 21 (citing I.C. §§ 4-15-10-4, 22-5-3-3, 36-1-2-13, and 36-1-8-8). But there is nothing ambiguous about the word "employer" in Indiana Code Section 5-11-5.5-8 in the first instance and, as such, we have no authority to look elsewhere for interpretive guidance on the meaning of that statute. *See, e.g.*, *Jackson v. State*, 50 N.E.3d 767, 772 (Ind. 2016); *see also Andy Mohr West v. Ind. Sec'y of State*, 54 N.E.3d 349, 354 (Ind. 2016) ("Proper construction of a statute is best driven by the plain language and structure of the specific statute at issue."). Section 8 speaks for itself. As such, insofar as IDEM was in fact Esserman's employer as she has alleged, she has stated a claim under Section 8. The trial court erred when it dismissed Esserman's complaint for failure to state a claim upon which relief can be granted.

## *Conclusion*

[13]    In sum, none of the three limited circumstances in which our supreme court has recognized that common law sovereign immunity still exists applies here. *See Benton*, 721 N.E.2d at 227. And Esserman's complaint states a claim upon which relief can be granted under Indiana Code Section 5-11-5.5-8. Accordingly, the trial court erred when it dismissed Esserman's complaint pursuant to Indiana Trial Rules 12(B)(1) and 12(B)(6). We reverse the trial court's dismissal of Esserman's complaint and remand for further proceedings.

[14]    Reversed and remanded.

Bailey, J., and May, J., concur.